# WESTMORELAND COUNTY.

## December Term, 1791.

### PENNSYLVANIA, *v.* WILLIAM ROBISON and ANDREW ROBISON.

AN indictment for a forcible entry and detainer of lands of *Ralph Cherry* was found and tried in the Quarter Seffions.

*Brackenridge* and *Rofs,* for the defendant, objected to *Cherry* the profecutor as an incompetent witnefs to prove the poffeffion. *Ex neceffitate rei,* a profecutor is admit-

ted to prove the force ; but poffeffion is a notorious fact, which may be proved by other witneffes.

*Galbraith*, *Woods*, and *Young*, for the profecutor, declined taking up time to anfwer the objection, and called other witneffes to prove the poffeffion.

The counfel for the defendants made three points.—

1. Was *Cherry* in poffeffion ?

2. Was *Robifon's* entry forcible ? and

3. Was it within three years before the indictment.

1. The fame poffeffion, which is protected from a forcible entry, would fupport an ejectment. A poffeffion of twenty years bars the one, of three years, the other. One may have the poffeffion ; another, the right of poffeffion ; a third, the right. Poffeffion is enough againft a wrong doer. In the cafe of the *State*, *v. Hughes*, in a court of Oyer and Terminer in this county, an indictment for a forcible entry on the poffeffion of *Powel*, it was proved that *Hughes*, the defendant, had built his cabbin within an hundred yards from *Powel's*. The Chief Juftice held, that no forcible entry could be made on *wood land* ; and *Hughes* was acquitted. Such a poffeffion as *Cherry* had would not have entitled him to a recovery in ejectment ; and it is not fuch as a forcible entry could be committed on.

2. and 3. There was no force in the entry ; and, if there was, *William Robifon* has fince been more than three years in poffeffion ; and, on every ground, there muft be a verdict of acquittal.

PRESIDENT. The *poffeffion* may be in one, the *right of poffeffion* in another, and the *right* in a third. One who has entered forcibly may have the poffeffion, without either the right, or the right of poffeffion, and if he die, and tranfmit the poffeffion to his heir, he tranfmits more than he had, for the new poffeffor has alfo the right of poffeffion, though without the right. Or, in another way, one, who has a patent for land, has the right ; his leffee has the right of poffeffion ; and one, who illegally oufts him, has the poffeffion. In ejectment, the right, and the right of poffeffion come in queftion. In an indictment for a forcible entry, neither comes in queftion, but the poffeffion only and the force. If one having the right, or right of poffeffion, may fupport an ejectment, it follows not, that he may enter by

1791.

2 *Comm.* 195 —9.

force, or that no lefs poffeffion than a rightful one, or fuch as would fupport an ejectment, is protected from a forcible entry. For, whatever right, either of property or poffeffion, the man who makes the entry may have, he muft not commit a crime in exerting it; and he commits a crime, punifhable by indictment, if he enter with force, on a perfon having no right, not even of poffeffion; and in refentment of the crime, his right, whatever it may be, though both of property and poffeffion, is fet afide unregarded by the law, and the perfon forcibly difpoffeffed, though having neither the right, nor the right of poffeffion, is taken under the protection of the law, and reftored to that poffeffion, of which he was forcibly deprived. This is done even againft a man with both the right and the right of poffeffion, who, if he had entered peaceably, or demanded it by action, would have attained the poffeffion, and been fecured in it.

A man having both the right, and the right of poffeffion, is barred in the poffeffory action of ejectment, unlefs he can prove a poffeffion within twenty years. And a man who has not even the right of poffeffion, in any fenfe, and has obtained poffeffion by violence, againft all right, will not be difpoffeffed by indictment, if he has been three years in peaceable poffeffion: for three years is a bar to reftitution in this way.

But the comparifon of forcible entry, with ejectment, neither elucidates the fubject, nor fupports the caufe of the defendants. For though poffeffion be of fo light a nature, that, when it comes in competition with title, in a legal difcuffion in ejectment, it will not ftand; it may be a fufficient occupancy, exercife of ownerfhip, ufe, or enjoyment, which will be protected againft force. The interruption of this poffeffion by violence is made a crime, to be redreffed by indictment. And any argument from poffeffion being fufficient againft a wrong doer, is againft the defendants. Very light evidence of poffeffion, as a barrel of beer left in a cellar, has been fufficient in ejectment, to fet afide proceedings, as on a vacant tenement. And yet having cattle on the land has been held not a fufficient poffeffion to be protected againft a forcible entry, by one having the right. But the ground of this feems to be, that the crime lies in the force or fear of fome human being. Though *im-*

*Dent v. Savage. 2 Str.*
*1064.*

*2 Burns. 179,*
*2 Bac. Abr.*
*552.*

*provement* be no evidence of *title*, and has therefore 1791. failed againft title, in ejectment, it may be evidence of *poffeffion*, to be protected in a forcible entry. It is not the degree or quantity of poffeffion, that conftitutes the right of poffeffion, but the manner, in which the poffef-fion was obtained ; and a poffeffor, without the right of poffeffion, may be as completely poffeffed, as one who unites in himfelf poffeffion, right of poffeffion, and right, and is equally protected againft a forcible entry ; though he would not recover, or would be turned out in an ejectment.

There muft be fome evidence of poffeffion. But I cannot think, that the cafe of the *State v. Hughes*, has been fully ftated. A man cannot ftand on every part of his land ; he cannot build houfes, and fettle tenants on every acre of it ; he cannot plough every corner of it, nor make a fence round the whole. Binding the inha-bitants of this country to rules fo ftrict, and protecting, from forcible entries, only lands fo poffeffed, would be very inconvenient, and would, in a great meafure, if not entirely, elude the law ; efpecially in thofe cafes, for which chiefly the laws were made, of poor people, leaft able to circumfcribe their furvey on a legal title, to build, plough, or fence. Therefore, if a man, in any manner, circumfcribe for himfelf a reafonable poffeffion, within fuch bounds, as are ufually allowed ; fit down, on one part of it ; build, in fuch manner as is convenient ;— plough and fence, as may fuit his intereft, inclination, and ability ; and ufe the refidue of his known and rea-fonable claim, as other men of like condition ufe their lands; he will be confidered as in fuch poffeffion of the whole, that a forcible entry into any one part will be punifhed by thefe ftatutes.

2. As to the force in the entry, &c. there muft be, at leaft, fuch acts of violence, or fuch threats, menaces, figns, or geftures, as may give ground to apprehend perfonal injury or danger, in ftanding in defence of the poffeffion.

3. I cannot fee how, on the plea of not guilty, you fhould acquit the defendants, becaufe the forcible entry has been (if it have been) followed by three years peace-able poffeffion. If the entry was forcible it was a crime ;

C

and you muſt ſay whether the defendants are guilty or not. Three years peaceable poſſeſſion bars the remedy of reſtitution ; but does it juſtify the offence ? If the defendants would uſe this, to prevent the award of reſti-tution, it muſt come before the court in pleading or in ſome ſuch way, as that it may be put on the record, and not exiſt only in the evidence.*

* The place in diſpute was a remarkable ſpot, known by the name of "*The Indian Fort*," of extraordinary rich ground, about forty perches from the cabbin built by the firſt ſettler, (from whom *Cherry* derived his claim), the trees on it were deadened by him at his firſt ſettlement, and ever ſince known to be within his claim.