■ ESTATE OF AHMED T. NASSER, Deceased, by KHALED NASSER, as Administrator, et al., Plaintiffs, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants, SMITH-GLOBE SCHRECKINGER CONTRACTORS, INC., Appellant, and ALDO LOMBARDO, Respondent, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered July 15, 1988, against defendant Smith-Globe Schreckinger Contractors, Inc. and awarding defendant Aldo Lombardo attorneys' fees in the total amount of $54,728.73 unanimously affirmed, with costs and disbursements.

After a jury trial in an action to recover damages for injuries suffered as a result of the collapse of two buildings at 569 and 571 Ninth Avenue in Manhattan, the defendant contractor and his subcontractor were found to have been negligent in the apportioned percentages of 58% and 24%, respectively. The remainder of the liability was placed on the owner and realtor. The jury found the defendant architect not to have been negligent. The construction contract between the owner and defendant contractor contained a provision (para 10.11) whereby the contractor agreed to indemnify, *inter alia,* the architect against "all claims, damages, losses and expenses, including but not limited to attorneys' fees" which were to arise or be occasioned by the negligence of the contractor, subcontractor or its agents. A provision of the indemnity clause excluding any liability incurred by the architect as a result of its own negligence in supervision or design brought the indemnity clause into compliance with General Obligations Law § 5-324.

The defendant contractor argues that since the complaint alleged negligence on behalf of the architect the exclusion

provision operates to negate indemnification. The argument is unpersuasive. The exclusion applies to any liability, not claims, based on the architect's own negligence. The clear purpose of the indemnification clause was to provide for indemnification of the architect where, as here, it incurs expenses (attorneys' fees) for claims arising out of the performance of its work provided such claims are attributable to bodily injury or death caused in whole or part by any negligent act or omission of the contractor. "A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances' ". (*Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777, quoting *Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153.) The purpose of the indemnification provision herein and the language thereof could not be clearer. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Wallach, JJ.