■ NASUF CONSTRUCTION CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 79366.)—In a claim to recover damages for breach of contract, the defendant appeals from so much of an order of the Court of Claims (Benza, J.), dated November 20, 1990, as, upon reargument, adhered to the original determination denying the defendant's cross motion for leave to file an amended answer with a counterclaim to recover $490,440.58 for an alleged overpayment.

Ordered that order is affirmed insofar as appealed from, with costs.

The claimant entered into a contract with the defendant for the renovation of the east bathhouse at Jones Beach State Park in Wantagh. The defendant later terminated the contract pursuant to article 14 thereof. According to article 14, the defendant could terminate the contract in the public interest, provided that it pay the claimant the sum of (a) the costs actually incurred up to the effective date of termination, and (b) the costs of settling and paying claims arising out of the termination, plus (c) overhead and profit on (a) and (b) as provided by the contract, except that if it appeared that the claimant would have sustained a loss on the entire contract then no profit would be allowed under (c), and an appropriate reduction in the amount of the settlement would be made to reflect the indicated rate of loss.

After terminating the contract, the defendant issued a draft audit report of the claimant's termination expenses which recommended that the claimant be paid a settlement of $153,401.02. Asserting entitlement to a termination settlement of $571,719.96, the claimant brought this claim to recover damages for breach of contract. The defendant filed an answer and counterclaim seeking $17,666 in damages to the subject property during the renovation.

On or about May 3, 1990, the claimant moved for partial summary judgment on the issue of what costs were recoverable under article 14 of the contract. On June 13, 1990, the defendant issued its final audit report of the claimant's termi-

nation expenses, which concluded that the claimant would have sustained a loss had the contract been completed, and determined that according to article 14, the claimant owed the defendant $490,440.58 as an overpayment. The defendant then brought a cross motion for leave to amend its answer to include a counterclaim for the $490,440.58.

The Court of Claims denied the defendant's cross motion for leave to amend, concluding that article 14 did not allow the defendant to recover money already paid to the claimant. Upon reargument, the Court of Claims granted the defendant's cross motion to the extent that the defendant could assert a counterclaim for $1,763.62 which was overpaid due to an error in arithmetic. As to the counterclaim for $490,440.58, the Court of Claims adhered to its original determination that the defendant could not use the termination clause as a basis for recovering moneys paid for work already completed.

Ordinarily, leave to amend should be freely given (CPLR 3025 [b]). The decision of whether to do so, however, is in the discretion of the trial court, and leave should not be granted where the proposed amendment is devoid of merit (see, *Tilden Fin. Corp. v Muffoletto,* 161 AD2d 583, 584; *Brown v Samalin & Bock,* 155 AD2d 407, 408).

We agree with the Court of Claims that the defendant's proposed counterclaim is without merit. The termination clause in article 14 of the contract merely provides a formula for calculating the amount of the termination settlement, and does not provide a basis for the recovery of moneys paid to the claimant for work already performed. While some basis may exist for recovering the alleged overpayment, such as fraud or mistake (see, *Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113, 117), such a claim cannot be based upon the termination clause. Indeed, it is noted that the portion of the defendant's motion in question was denied without prejudice to seek the addition of a counterclaim based upon recognized theories of contract law. In the absence of such a basis for recovery, the defendant's proposed counterclaim is without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.