■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLIED MARKETING GROUP, INC., et al., Appellants. [633 NYS2d 137] —Order and judgment (one paper), Supreme Court, New York County (Edith Miller, J.), entered November 30, 1994, which summarily granted the petition alleging fraudulent and deceptive business practices against consumers in connection with mass advertising, and which awarded injunctive relief and restitution as well as imposition of maximum civil penalties per violation under three sections of the General Business Law (the total amount subject only to a determination of the number of violations), and requiring the posting of a $500,000 performance bond as a precondition for doing further business in this State, unanimously modified, on the law and the facts and in the exercise of discretion, the summary imposition of maximum penalties is lifted and the level of penalties is reserved for determination at the same hearing that will determine the number of violations, and otherwise affirmed, without costs.

Respondents were engaged in fraudulent and deceptive "sweepstakes" notifications which involved mass mailing announcements and use of 800- and 900-telephone numbers (maximum penalty of $500 per violation, under General Business Law § 336-b [6]), and use of simulated checks (maximum penalty of $100 per violation, under General Business Law § 396-aa). The petition also charged general deception against consumers, for which the maximum penalty is $500 per violation, under General Business Law § 350-d. Petitioner established entitlement to summary judgment for injunctive relief, restitution and damages (see, Executive Law § 63 [12]).

However, the IAS Court abused its discretion in summarily imposing the maximum civil penalties authorized by statute per violation. As long as the number of violations is yet to be determined, the court should have reserved its decision on the level of penalty per violation. Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.