■ St. James Construction Corp., Respondent, v J. Steven Long, Appellant, et al., Defendant. [677 NYS2d 381] —In an action to recover damages for legal malpractice, the defendant J. Steven Long appeals from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated July 11, 1997, as denied his motion, *inter alia,* to amend his answer to include the affirmative defense of the plaintiff's lack of capacity to sue.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant J. Steven Long was hired by the plaintiff corporation to provide it with legal representation during the acquisition and development of real property on Staten Island. According to the plaintiff, Long counseled that the plaintiff should close title to the real property whether or not it had acquired all of the necessary site plan approvals by the time of closing. In reliance upon this advice, the plaintiff closed title to the property on May 31, 1990, but failed to obtain the necessary approvals for construction until several years later. As a result, the plaintiff defaulted on certain construction loans and lost the property in foreclosure.

The plaintiff then commenced this action for damages arising from professional malpractice against both Long and the person who was hired to facilitate acquisition of the plan approvals. After interposing an answer, Long moved to dismiss the complaint insofar as asserted against him on the basis that the plaintiff, a corporation, lacked the legal capacity to sue since the New York Department of State had, pursuant to Tax Law § 203-a (1), declared the corporation dissolved for nonpayment of taxes. Although there was evidence in the record that the plaintiff was, in fact, dissolved pursuant to Tax Law § 203-a, the plaintiff opposed the motion, stating, *inter alia,* that it intended to satisfy all of the delinquent assessments, and argued that Long had waived the affirmative defense by failing to raise it in his answer. The court denied Long's motion.

Thereafter, Long moved, *inter alia,* to amend his answer to include the affirmative defense. In opposition, the plaintiff offered proof that it had been reinstated to active corporate status by the Department of State pursuant to Tax Law § 203-a (7), and, therefore, the plaintiff's capacity to sue had been restored nunc pro tunc. The court denied Long's motion. We affirm the order insofar as appealed from.

Tax Law § 203-a provides in relevant part that the Department of State may issue a proclamation which dissolves a corporation on the basis of its failure to pay tax assessments (Tax Law § 203-a [1]). In order to be restored to active corporate status, the corporation must pay all delinquent taxes, interest, and penalties (Tax Law § 203-a [7]). The statute specifically states that such payment will have the "effect of annulling all of the proceedings theretofore taken for the dissolution" of the corporation, and that the corporation "shall thereupon have such corporate powers, rights, duties and obligations as it had on the date of the publication of the proclamation, with the same force and effect as if such proclamation had not been made or published" (Tax Law § 203-a [7]). In interpreting this language, the courts have held that corporate transactions which occurred during a period of dissolution are retroactively validated because the corporation's status, and its corresponding powers, rights, duties, and obligations, have been reinstated nunc pro tunc (*see, Estate of Nasser v Port Auth.,* 155 AD2d 250, 251; *see also, Lorisa Capital Corp. v Gallo,* 119 AD2d 99, 113). The ability to sue is among those rights to which a corporation with active status may avail itself. In the present case, therefore, pursuant to the express language of the statute, upon the reinstatement of the plaintiff's active corporate status, its action against Long was retroactively validated.

Under the circumstances, the Supreme Court did not improvidently exercise its discretion by denying Long's motion to amend his answer, since the affirmative defense he sought to include was without merit (*see, Karma Equities v Gucciardo,* 210 AD2d 456; *see also, Nasuf Constr. Corp. v State of New York,* 185 AD2d 305, 306).

Long's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.