■ In the Matter of PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILCO ENERGY CORP., Respondent. [728 NYS2d 471] —In a proceeding pursuant to General Business Law §§ 349, 350, and Executive Law § 63 (12), *inter alia,* to enjoin the respondent from engaging in any fraudulent practice, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered May 16, 2000, which, in effect, granted the cross motion of the respondent Wilco Energy Corp. to dismiss the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the proceeding is reinstated, the cross motion is denied, the petition is granted to the extent of determining that the respondent violated General Business Law §§ 349, 350, and Executive Law § 63 (12), and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The respondent, Wilco Energy Corp. (hereinafter Wilco), is a heating and air conditioning company which, among other things, supplies fuel oil to residential customers. In October

1999, it mailed a flyer to consumers offering a two-year, fixed-price contract for the delivery of home heating oil. Approximately 143 individuals accepted the offer. However, when wholesale prices increased in January 2000, apparently due to supply shortages and high demand, Wilco notified its customers of a price increase. Following an investigation prompted by a consumer complaint, the Attorney General commenced this proceeding, alleging that Wilco had engaged in deceptive business practices in violation of General Business Law §§ 349, 350, and Executive Law § 63 (12). The petition sought permanent injunctive relief, restitution, civil penalties, and costs. After the investigation was commenced, Wilco reinstated its fixed prices and allegedly credited its customers' accounts for the price differential. The Supreme Court granted Wilco's cross motion to dismiss the petition, concluding that the petition was procedurally defective and that Wilco's conduct did not affect consumers at large, did not constitute a deceptive or misleading practice, was not repeated or persistent, and was excused by the defense of commercial impracticability. We reverse.

General Business Law §§ 349 (a) and 350 make deceptive acts and business practices and false advertising unlawful. The Attorney General is authorized to commence a proceeding for, *inter alia*, injunctive relief and to obtain restitution for statutory violations (*see,* General Business Law § 349 [b]; § 350-d). Before doing so, the Attorney General is required to give pre-litigation notice by certified mail, and afford an opportunity to show why proceedings should not be instituted (*see,* General Business Law § 349 [c]; § 350-c). If a person or business has engaged in repeated fraudulent or illegal acts, the Attorney General may also seek relief pursuant to Executive Law § 63 (12).

Contrary to the Supreme Court's conclusion, the petition was not procedurally defective. Wilco was given notice of the Attorney General's intention to sue and an opportunity to respond. Wilco specifically waived its right to require service by certified mail.

General Business Law §§ 349 and 350 are directed at wrongs against the consuming public (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 24-25; *B.S.L. One Owners Corp. v Key Intl. Mfg.,* 225 AD2d 643). The Supreme Court erred in concluding that Wilco's acts did not affect consumers at large. Wilco solicited contracts from the public and, after entering into approximately 143 contracts, unilaterally changed their terms. This was not a private transaction occurring on a single occasion, but rather, conduct which

affected numerous consumers (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra; compare, Teller v Bill Hayes, Ltd.,* 213 AD2d 141).

Contrary to the Supreme Court's conclusion, Wilco's conduct constituted a deceptive practice. It offered a fixed-price contract and then refused to comply with its most material term—an agreed-upon price for heating oil. The fact that Wilco reinstated the fixed prices and credited its customers' accounts after complaints were made and an investigation commenced does not mean that Wilco did not act unlawfully. Further, intent to defraud is not a requirement for liability under the statute (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra,* at 26). Consequently, the fact that Wilco may not have entered into the contracts with an intent to defraud is not determinative. Further, the defense of commercial impracticability as set forth in Uniform Commercial Code § 2-615 is not applicable here (*see, Eastern Air Lines v Gulf Oil Corp.,* 415 F Supp 429; *Maple Farms v City School Dist.,* 76 Misc 2d 1080).

Executive Law § 63 (12) defines "repeated" as "repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person." Clearly, Wilco's conduct was "repeated" within the meaning of the statute, as it affected numerous individuals.

Accordingly, Wilco's cross motion to dismiss the petition is denied. No purpose would be served by permitting Wilco to answer the petition because the thorough and comprehensive papers submitted in support of its cross motion addressed all of the allegations in the petition (*see,* CPLR 404 [a]; *Matter of Huber v Mones,* 235 AD2d 421). The Attorney General established that Wilco violated General Business Law § 349 (a), § 350, and Executive Law § 63 (12). Since Wilco raised no triable issue of fact, a summary determination in the Attorney General's favor may be made (*see,* CPLR 409 [b]). However, because there is some evidence that Wilco credited its customers' accounts and is now apparently adhering to its fixed-price contracts, we remit the matter to the Supreme Court to determine the appropriate remedy or remedies (*see,* Executive Law § 63 [12]; *State of New York v Princess Prestige Co.,* 42 NY2d 104, 108). Further, the Supreme Court should determine the penalties to be imposed pursuant to General Business Law § 350-d (*see, People v Allied Mktg. Group,* 220 AD2d 370) and whether an award of discretionary costs pursuant to CPLR 8303 (a) (6) is warranted. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.