VINCENT J. EMILIO, Appellant, v ROBISON OIL CORP., Doing Business as ROBISON, Respondent. [790 NYS2d 535]—

In an action, inter alia, to recover damages for violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered September 2, 2003, which denied his motion for class action certification and denied his request for leave to file an amended complaint.

Ordered that the appeal from so much of the order as denied the request for leave to file an amended complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff is a residential electric supply customer of the defendant. The defendant's contracts with its customers provide for their automatic yearly renewals unless the defendant is otherwise notified by its customers. The plaintiff contends that the defendant engaged in a deceptive practice in violation of General Business Law § 349 by failing to provide him with notice of renewal of the contract pursuant to General Obligations Law § 5-903, resulting in damages in the form of excessive rates paid for electricity.

General Obligations Law § 5-903 (2) provides: "No provision of a contract for service, maintenance or repair to or for any real or personal property which states that the term of the contract shall be deemed renewed for a specified additional period unless the person receiving the service, maintenance or repair gives notice to the person furnishing such contract service, maintenance or repair of his intention to terminate the contract at the expiration of such term, shall be enforceable against the person receiving the service, maintenance or repair, unless the person furnishing the service, maintenance or repair, at least fifteen days and not more than thirty days previous to the time specified for serving such notice upon him, shall give to the person receiving the service, maintenance or repair written notice, served personally or by certified mail, calling the attention of that person to the existence of such provision in the contract." The defendant does not dispute that it failed to provide the plaintiff with the notice called for by General Obligations Law § 5-903.

Assuming arguendo that a violation of General Obligations Law § 5-903 can qualify as a deceptive trade practice, there is no nexus between this violation and the damages claimed by the plaintiff for himself or any member of the class for which he sought certification (*see Stutman v Chemical Bank,* 95 NY2d 24, 30 [2000]). Moreover, any money damages of any member of the class is so individualized that a class action would be unmanageable (*see Small v Lorillard Tobacco Co.,* 94 NY2d 43, 55 [1999]). Accordingly, the Supreme Court correctly denied the plaintiff's motion for class action certification (*see* CPLR 902).

No appeal lies as of right from so much of the order as denied the plaintiff's request for leave to amend the complaint, as that

portion of the order did not decide a motion made on notice (*see* CPLR 5701 [a]). The request was improperly made for the first time in the plaintiff's reply affidavit submitted on his motion for class certification, and under the circumstances we decline to grant leave to appeal (*see* CPLR 5701 [c]; *Hoyte v Epstein,* 12 AD3d 487 [2004]). Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.