■ Vincent J. Emilio, Appellant, v Robison Oil Corp., Doing Business as Robison, Respondent. [813 NYS2d 465]—

In an action, inter alia, to recover damages for violation of General Business Law § 349, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered September 7, 2004, as denied his motion for leave to amend the complaint and granted those branches of the defendant's cross motion which were for summary judgment dismissing the second and third causes of action in the original complaint.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof denying the motion for leave to amend the complaint and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the absence of significant prejudice to the opposing party, leave to amend the pleadings should be freely granted where, as here, the proposed amendment is not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.,* 21 AD3d 340 [2005]; *Luberda v Spameni,* 303 AD2d 384 [2003]). The Supreme Court should have granted the plaintiff leave to amend the complaint to add claims alleging breach of contract and violation of General Business Law § 349 based on the allegation that the defendant unilaterally increased the price for the supply of electricity in the middle of the renewal term of their contract. The plaintiff submitted evidence supporting his contention that the contract does not allow the defendant to change the price it charged him in the middle of the renewal term. Therefore, the plaintiff made the requisite evidentiary showing that the proposed breach of contract claim has merit (*cf. Toscano v Toscano,* 302 AD2d 453 [2003]; *Nasuf Constr. Corp. v State of New York,* 185 AD2d 305 [1992]).

As to the claim pursuant to General Business Law § 349 (*see Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26 [1995]; *Smith v Chase Manhattan Bank, USA,* 293 AD2d 598 [2002]), the act of unilaterally changing the price in the middle of the term of a fixed-price contract has been found to constitute a deceptive practice (*see Matter of People v Wilco*

*Energy Corp.,* 284 AD2d 469 [2001]). Therefore, the plaintiff should also be allowed to assert his claim under General Business Law § 349 based on the allegation that the defendant unilaterally increased the price in the middle of the renewal term of the contract.

Insofar as the plaintiff contends that the Supreme Court erred in granting summary judgment to the defendant dismissing the second and third causes of action in the original complaint, based on the defendant's failure to provide advance renewal notice, the contention is without merit. In a prior appeal in this action, this Court found no nexus between the defendant's failure to provide advance renewal notice and any damages claimed by the plaintiff (*see Emilio v Robison Oil Corp.,* 15 AD3d 609 [2005]).

The plaintiff's remaining contention is without merit. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.