**FBME LTD., Appellant**

v.

**Steven T. MNUCHIN, in His Official Capacity as Secretary of the Treasury, et al., Appellees**

**No. 17-5076
September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 24, 2017

Derek Lawrence Shaffer, William Anthony Burck, Esquire, Attorney, Jonathan Gordon Cooper, Quinn Emanuel Urquhart & Sullivan LLP, Washington, DC, Peter S. Spivack, Esquire, Hogan Lovells US LLP, Washington, DC, Lauren Hadley Dickie, Esquire, Dickie Law Group, Mintum, CO, for Plaintiff-Appellant

Sarah Carroll, H. Thomas Byron, III, Attorney, Douglas N. Letter, Esquire, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, Channing Phillips, Esquire, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendants-Appellees

Before: Garland, Chief Judge, Henderson, Circuit Judge, and Edwards, Senior Circuit Judge.

**JUDGMENT**

Per Curiam

This appeal was considered on the record from the United States District Court

for the District of Columbia and the briefs and other pleadings filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). Upon consideration of the foregoing, it is

**ORDERED** and **ADJUDGED** that the appeal be dismissed because the appellant lacks the capacity to sue.

When this action began, the plaintiffs were FBME Bank Ltd. (Bank), a commercial bank headquartered in Tanzania, and FBME Ltd. (FBME), a Cayman Islands corporation that "holds 100% of the shares of [the] Bank as its holding company." FBME Supp. Add. 2. The United States Department of the Treasury's Financial Crimes Enforcement Network (FinCEN) concluded that the Bank was "of primary money laundering concern." 81 Fed. Reg. 18480, 18480 (Mar. 25, 2016); *see id.* at 18489 (Bank allegedly facilitated "money laundering, terrorist financing, transnational organized crime, fraud schemes, sanctions evasion, weapons proliferation, corruption by politically exposed persons, and other financial crimes"). Invoking section 311 of the USA PATRIOT Act, 31 U.S.C. § 5318A, FinCEN undertook notice-and-comment rulemaking and issued a regulation "prohibit[ing] U.S. financial institutions from opening or maintaining a correspondent account for, or on behalf of," the Bank. 81 Fed. Reg. at 18480. Over time, and based in part on FinCEN's actions, the Bank's Tanzanian regulator assumed management of the Bank, discontinued its operations, revoked its license and appointed a liquidator.

In the meantime, the Bank and FBME filed suit in district court, alleging that FinCEN violated the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. After twice remanding to FinCEN for correction of shortcomings in the rulemaking, *FBME Bank Ltd. v. Lew*, 209 F.Supp.3d 299 (D.D.C. 2016); *FBME Bank Ltd. v. Lew*, 142 F.Supp.3d 70 (D.D.C. 2015), the district court granted summary judgment to the government, *FBME Bank Ltd. v. Mnuchin*, 249 F.Supp.3d 215 (D.D.C. 2017).

In April 2017, the Bank and (purportedly) FBME filed a notice of appeal. In the ensuing months, the parties briefed the case and oral argument was set for October 12, 2017. Nine days before the argument date, counsel for the Bank and FBME notified the Court that the Bank's Tanzanian regulator had "suddenly instructed" him to withdraw the Bank from the appeal. Letter to Change Party Information 1 (Oct. 3, 2017). The Bank was then ordered to be withdrawn, leaving FBME as the sole appellant. Or so we thought. Two days after the Bank withdrew, the parties jointly filed an emergency motion to hold the case in abeyance because "[a]nother issue ha[d] recently arisen": FBME's counsel had just learned that FBME "was 'struck off' the Cayman Register of Companies on *October 31, 2016*." Emergency Mot. 1 (Oct. 5, 2017) (emphasis added). The emergency motion was denied and supplemental briefing was ordered. After supplemental briefs were filed, the appeal was removed from the argument calendar. On our own motion, we now dismiss the appeal.[1]

Absent applicable statutory law to the contrary, a dissolved corporation lacks capacity to sue or be sued. *Okla. Nat. Gas Co. v. Oklahoma*, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634(1927) ("[C]orporations exist for specific purposes, and only by

---

1. Faced with the last-minute developments, the government did not move to dismiss the appeal but instead reserved the right to do so once it could gather all the facts bearing on the appeal's viability. Gov't Supp. Br. 10. It noted, however, that the "Bank's withdrawal appears to leave no appellant that has the capacity to go forward." *Id.* at 6.

legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation."). Under Rule 17 of the Federal Rules of Civil Procedure, a corporation's "[c]apacity to sue or be sued is determined . . . by the law under which it was organized." FED. R. CIV. P. 17(b)(2). That principle applies to dissolved corporations. *Okla. Nat. Gas Co.*, 273 U.S. at 260, 47 S.Ct. 391 (dissolved corporation's capacity to sue depends on "the fundamental law of the corporation enacted by the State which brought the corporation into being"); *see Beasley v. Fox*, 173 F.2d 920, 921 (D.C. Cir. 1949) ("dissolution of a corporation terminates right of litigation unless preserved by law of the incorporating state").

FBME was dissolved in October 2016 when it was struck from the Cayman Register of Companies. *See* FBME Supp. Add. 14. FBME concedes that, under Cayman law, a dissolved corporation "cannot sue or be sued." Emergency Mot. 1; FBME Supp. Br. 7. For this appeal, we accept the concession, which is supported by the statement of a Cayman attorney. FBME Supp. Add. 14; *see* FED. R. CIV. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."). The upshot is that FBME was a legal nullity when it purported to file its notice of appeal in April 2017. *Okla. Nat. Gas Co.*, 273 U.S. at 259, 47 S.Ct. 391 ("[A] corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect."). It remains a legal nullity now. It is not and has never been a proper party to this appeal. And because the Bank has withdrawn, there is no viable appellant and no dispute fit for resolution on the merits.

FBME suggests it might *become* a viable appellant if the Court postpones action. FBME attributes its dissolution to "an administrative snafu," FBME Supp. Br. 7, and "anticipates" that it will "likely" be "reinstate[d]" as a live Cayman corporation "within six to eight weeks," *id.* at 7-8. FBME adds that, under Cayman law, reinstatement is both "routine" and "retroactive." *Id.* at 7. If we wait, it says, it will be as though FBME was a viable appellant from day one. *Id.* It is doubtful that it is ever appropriate to delay an appeal solely to permit a defunct corporation to regain its capacity to sue. *See Okla. Nat. Gas Co.*, 273 U.S. at 259, 47 S.Ct. 391 ("To allow actions to continue [after dissolution] would be to continue the existence of the corporation *pro hac vice*."). But we need not decide the general question; delay is nowise appropriate here.

As an initial matter, the dissolution was not merely a "snafu," if that means the result of a mishap or confusion. Rather, the Cayman Registrar of Companies struck FBME because it lacked a corporate administrator, failed to pay the required annual fees, failed to submit an annual return or all of the above. FBME Supp. Add. 4, 14, 18. Notably, FBME's "prior administrator . . . withdrew its services" in late 2015 after concluding "that FBME did not fit [the administrator's] risk profile." *Id.* at 4. FBME was apparently unable to retain a replacement administrator. *Id.* In view of FBME's difficulties, the Court does not share counsel's optimism that FBME "is on track" toward swift and certain reinstatement. FBME Supp. Br. 8.

In any event, even were the Court confident of FBME's regaining capacity in the near future, that would not affect the decision to order immediate dismissal. To re-

peat, FBME was dissolved in October 2016 when it was struck from the Cayman Register of Companies. FBME Supp. Add. 14. The *Cayman Islands Gazette*, the official newspaper of the Cayman government, published an after-the-fact notice to that effect in early December 2016. *Id.* at 16-19. The December 2016 notice was attached to FBME's supplemental brief. *Id.* But the *Gazette* also published an ex ante notice in September 2016 stating that the Registrar "intend[ed] to strike" FBME based on "reasonable cause to believe" that it was "no longer carrying on business" or was "not in compliance with" the Cayman Companies Law. *Struck-off List*, CAYMAN ISLANDS GAZETTE, Extraordinary No. 75/2016, Sept. 21, 2016, at 5, 35, perma.cc/5E5N-5BXY. Given these facts, the Court concludes that at least FBME's principals and their Cayman counsel, acting with reasonable diligence, should have known of FBME's capacity *vel non* by April 2017 when the notice of appeal was filed. The purpose of the notice of appeal is to "specify the party or parties taking the appeal," FED. R. APP. P. 3(c)(1)(A), and a putative party cannot take an appeal if it lacks capacity to sue, even if it had capacity when it brought the underlying action, *see* 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1559 at 607 (3d ed. 2010) ("Capacity is not only the power to bring an action, but is also the power to maintain it." (internal quotation omitted)).

Under the circumstances, this lack of diligence is further ground for dismissal. *See* FED. R. APP. P. 3(a)(2) (failure to comply with rules "is ground . . . for the court of appeals to act as it considers appropriate, including dismissing the appeal"). FBME and its Cayman counsel

could—and should—have discovered FBME's lack of capacity before the filing of the notice of appeal, before the filing of the briefs, before we began oral argument preparations and *well* before the week preceding the scheduled argument. That goes double where FBME's dissolution was publicly known for almost one year. Neither the emergency motion nor FBME's supplemental brief explains the tardiness of the disclosure, let alone warrants our indefinitely withholding decision pending FBME's possible reinstatement as a Cayman corporation.[2]

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

---

**2.** To the extent that FBME "intends to move to substitute its shareholders as additional plaintiffs-appellants," Emergency Mot. 2, it is too late, *see Cobell v. Jewell*, 802 F.3d 12, 24 (D.C. Cir. 2015) ("an expectation of ordinary diligence presumably underlies" rules governing substitution); Gov't Supp. Br. 7 (although FBME has "lacked capacity to sue for nearly a year," its shareholders have taken "no steps to insert themselves into the appeal").