*Andrews v. Barr*

BIA
A036 706 672

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

Churchill Leonard Spencer Andrews,
AKA Churchill Lenard Andrews,
> *Petitioner,*

> v.                                                          17-3827

William P. Barr, United States Attorney
General,

> *Respondent.*

_____

**FOR PETITIONER:**      DAVID A. SCHNITZER (David Debold, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, D.C.

**FOR RESPONDENT:**      RACHEL BROWNING, Trial Attorney, Office of Immigration Litigation, (Chad A. Readler, Acting Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, D.C.

**FOR AMICUS CURIAE:**      Trina Realmuto, Kristin Macleod-Ball, American Immigration Council, Brookline, MA.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

## I.

Petitioner Churchill Leonard Spencer Andrews, a native and citizen of Guyana, seeks review of an October 25, 2017, decision of the BIA denying his motion to reopen and reconsider. *In re Churchill Leonard Spencer Andrews*, No. A036 706 672 (B.I.A. Oct. 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We held in *Harbin v. Sessions* that Andrews's statute of conviction, fifth-degree criminal sale of a controlled substance under New York Penal Law

2

("NYPL") § 220.31, is not a drug trafficking aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) because there was no categorical match between New York's "controlled substance" offenses and federal controlled substance offenses given that New York drug schedules are broader than the federal schedules. 860 F.3d 58, 68 (2d Cir. 2017). Based on the reasoning in *Harbin*, NYPL § 220.31 is also not a removable controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) because that provision references the same federal drug schedules, 8 U.S.C. § 1101(a)(43)(B), at issue in *Harbin*. Because Andrews's removal pre-dated *Harbin*, the issue before us is whether the BIA abused its discretion by declining to reopen Andrews's removal proceedings. As discussed below, we remand for further consideration of Andrews's motion.

## II.

We review the agency's denial of a motion to reconsider or reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008) (motion to reopen); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (motion to reconsider). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board

3

has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not adequately explain its decision that equitable tolling was not warranted, particularly considering its inconsistent decisions in apparently similar cases. To the extent that Andrews sought statutory reopening or reconsideration, the departure bar does not preclude review by the BIA. *See Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011) (holding that departure bar in 8 U.S.C. § 1003.2(d) does not limit the BIA's consideration of statutory motions to reopen but recognizing that it terminates jurisdiction over regulatory motions to reopen sua sponte). Andrews conceded that his motion was untimely as to the BIA's October 2011 decision but sought equitable tolling, arguing that he had been diligently pursuing his rights and extraordinary circumstances prevented timely filing of his motion. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (stating that tolling is appropriate when a petitioner "(1) . . . has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way"). The BIA, in a single line, wrote that Andrews did not show that he was entitled to equitable tolling; it provided no explanation. The lack of any "rational explanation" as to why Andrews did not merit equitable tolling is an abuse of discretion. *Ke Zhen Zhao*, 265 F.3d at 93; *see also Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("Despite

4

our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful.").

As Andrews points out, absent any explanation, the BIA's decision appears inconsistent with its ruling granting reopening in similar circumstances. For example, just days after denying Andrews' motion, the BIA granted reopening to another petitioner based on *Harbin*, even though the motion to reconsider was untimely in that case as well. *See* Petitioner's Br. at 20-21 (citing *In Re: [Redacted]* (BIA Oct. 31, 2017)), Add. 14. This "application of agency standards in a plainly inconsistent manner across similar situations evinces such a lack of rationality as to be arbitrary and capricious," i.e., an abuse of discretion. *Ke Zhen Zhao*, 265 F.3d at 95.

### III.

Andrews also requested sua sponte reopening or reopening nunc pro tunc. We generally lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). But we may remand if, in denying sua sponte reopening, the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). That

5

means we can review "questions relating to the BIA's understanding of the regulation governing the scope of this authority, which present interpretive issues that are squarely within our province." *Xue Yong Zhang v. Holder*, 617 F.3d 650, 667 n.16 (2d Cir. 2010).

The BIA was correct that it did not have jurisdiction to reopen sua sponte because Andrews has already been removed. 8 C.F.R. § 1003.2(d); *Xue Yong Zhang*, 617 F.3d at 655-65 (upholding departure bar with respect to regulatory reopening). It did not, however, address Andrews's argument that it could reopen nunc pro tunc as an equitable matter because of its prior error of finding Andrews removable. *See Xue Yong Zhang*, 617 F.3d at 665 (stating that it is an open question "whether the doctrine of *nunc pro tunc* is available as a means of providing equitable relief where the BIA is divested of jurisdiction by the departure bar to consider an alien's motion to reopen"). The BIA's position with respect to the scope of its discretionary authority raises a question of law that we can review. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (providing that a question of law "arise[s] where a discretionary decision . . . was made without rational justification or based on a legally erroneous standard"); *see also Xue Yong Zhang*, 617 F.3d at 667 n.16. Because the BIA did not consider the nunc pro tunc argument in denying Andrews's motion, there is nothing for us to

6

review; we therefore remand for consideration by the BIA in the first instance. *See Poradisova*, 420 F.3d at 77; *cf. Vela-Estrada v. Lynch*, 817 F.3d 69, 72 (2d Cir. 2016) (remanding when it was not clear whether BIA considered petitioner's motion to reopen).

For the foregoing reasons, the petition for review is GRANTED, the BIA's denial of reopening is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court