Clingerman v Ali (2023 NY Slip Op 23237)

[*1]

Clingerman v Ali

2023 NY Slip Op 23237

Decided on July 31, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 31, 2023
Supreme Court, New York County

Mathew C. Clingerman, Plaintiff,

against
Alisher Ali, Eurasia Capital LTD., Eurasia Capital (Mongolia) LLC, Silk Road Management Limited, Silk Road Finance Limited, Silk Road Finance Inc., Apex Fund Services Ltd., Peter Hughes, Defendant.

Index No. 651001/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260 were read on this motion for JUDGMENT - DEFAULT.
In this action, plaintiff, in his capacity as receiver for Silk Road M3 Fund (M3), sues defendants for their alleged fraudulent misappropriation of the $10 million that M3 invested with defendants (NYSCEF doc. no. 8). Currently, plaintiff seeks an order granting default judgment as against defendants Eurasia Capital Ltd. (ECL), Eurasia Capital (Mongolia) LLC (Eurasia Mongolia) (collectively, the Eurasia defendants), Silk Road Management Limited (Silk Road Management), and Silk Road Finance Inc. (Silk Road Finance) (collectively, the Silk Road defendants) (NYSCEF doc. no. 244). The court denies the motion for the reasons below.
The procedural background provides a useful context for the current motion. Plaintiff initiated this lawsuit by filing a summons with notice on February 15, 2019. The Eurasia and Silk Road defendants were incorporated in the Cayman Islands. The affidavit of service indicates that plaintiff served them in compliance with the Cayman Islands rules for service on May 29, 2019 (NYSCEF doc. no. 5). When the Eurasia and Silk Road defendants and defendant Alisher Ali did not appear, plaintiff moved for default judgment against them (NYSCEF doc. no. 75). These defendants cross-moved for leave to extend the time to answer the complaint (NYSCEF doc. no. 158). The parties resolved the motion and the cross-motion by their stipulation to withdraw both motions (NYSCEF doc. nos. 159 [stipulation], 161 [order withdrawing motion]). The stipulation extended defendants' time to answer the complaint until September 4, 2020.
On September 4, 2020, instead of answering the complaint, the Eurasia and Silk Road defendants and defendant Ali jointly moved to dismiss the action as against them based on lack of personal jurisdiction and/or forum non conveniens (NYSCEF doc. no. 162). The court denied [*2]the motion in its entirety on the record on March 2, 2022 (NYSCEF doc. no. 232).[FN1]
Defendants filed their answer on March 21, 2022, within 10 days of March 11, 2022, when plaintiff filed the order with notice of entry (NYSCEF doc. nos. 235 [notice of entry], 237 [answer]).[FN2]

In the current motion, plaintiff argues that the Eurasia and Silk Road defendants had been dissolved when the parties signed the stipulation and therefore had no authority to stipulate or otherwise participate in this litigation. More specifically, plaintiff notes that the July 2, 2020, affirmation of Kamoliddon Talipov, the director and sole shareholder of the Silk Road defendants and Eurasia Capital Limited (ECL), states that Eurasia Capital Holdings JSC acquired Eurasia Mongolia, after which Eurasia Mongolia was dissolved (NYSCEF doc. no. 153, 2).[FN3]
In addition, Silk Road Management Ltd. was "struck" on October 31, 2019, for failure to pay taxes (NYSCEF doc. no. 256). Plaintiff contends that because these defendants did not exist when they filed their answer, the answer is a nullity as it applies to them.[FN4]
In support, they cite Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig. (30 NY3d 377, 384 [2017] [internal quotations marks and citation omitted]), which defines capacity as "a litigant's power to appear and bring its grievance before the court." Noting that the law of the Cayman Islands governs their capacity, they cite FBME Ltd. v Mnuchin (709 Fed Appx 4, 5 [DC Cir 2017]) for the principal that "a dissolved corporation lacks capacity to sue or be sued." Accordingly, plaintiff asks the court to strike the stipulation as it relates to the Silk Road defendants and Eurasia, find that the answer is not effective as to these defendants, and grant default judgment against them.
In opposition, defendants argue that the Silk Road defendants and ECL have not abandoned this action. In his current affirmation (NYSCEF doc. no. 251),[FN5]
Talipov introduces documents from May 18 and May 19, 2023, which indicate that the three businesses would be reinstated upon the payment of restoration fees and, in the case of Silk Road Finance, an additional penalty (NYSCEF doc. no. 256). An additional document certifies that one of the companies, Silk Road Finance, already has been restored to the Companies Register, effective June 15, 2023 (NYSCEF doc. no. 30). Defendants note that, "'as a general rule, when a dissolution is annulled, the entity's corporate status is reinstated nunc pro tunc, and contracts [*3]entered into during the period of dissolution are retroactively validated'" (NYSCEF doc. no. 257, *9 [quoting Lodato v Greyhawk N. Am., LLC, 39 AD3d 496, 497 [2d Dept 2007] [internal quotation marks and citation omitted]). In addition, they point out that an entity's ability to sue and be sued is restored nunc pro tunc (NYSCEF doc. no. 257, *10 [citing St. James Constr. Corp. v Long, 253 AD2d 754, 755 [2d Dept 1998]).
As for the fourth entity, Eurasia Mongolia, Talipov asserts that the corporation has been dissolved since 2013 due to its merger with a successor company (NYSCEF doc. no. 252 [translated merger agreement]). Further, he points out that plaintiff has had general notice of the merger due to the announcement on the Mongolia Stock Exchange website (NYSCEF doc. no. 253 [Mongolian Stock Exchange Announcement]). He notes that plaintiff received personal notice of Eurasia Mongolia's dissolution in Talipov's July 2, 2020 affirmation in opposition to an earlier motion (NYSCEF doc. no. 153 [Talipov affirmation]).
In reply, plaintiff adheres to his original arguments (NYSCEF doc. no. 258). He repeats that a stricken corporation may only litigate a matter related to its winding up process. In addition, he states that defendants' argument that corporate status is retroactively restored upon the payment of taxes lack merit, because New York State's tax laws are inapplicable here. He argues that counsel's acceptance of service on behalf of Eurasia Mongolia waives that entity's argument as to service.
After careful consideration, the court denies the motion for default judgment. A company's "dissolution shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution" (Matter of Ford v Pulmosan Safety Equip. Corp., 52 AD3d 710, 711 [2d Dept 2008] [internal quotation marks and citation omitted)]). This is because "[d]efending existing lawsuits, including asserting viable defenses and affirmative claims therein, are not indicative of continued corporate operations, but merely of the winding up of existing affairs" (Ford v Pulmosan Safety Equip. Corp., 13 Misc 3d 1242 [A], 2006 NY Slip Op 52292 [U], *7 [Sup Ct, Queens County 2006]). Thus, although it is a dissolved company, Eurasia Mongolia retains the ability to defend itself, and both the agreement and the answer are valid (see Tedesco v A.P. Green Indus., Inc., 8 NY3d 243, 246-247 [2007] [concerning the capacity to sue as a third-party plaintiff]). A contrary rule "would produce anomalous results" (id. at 248).
There is nothing in the law of the Cayman Islands that contradicts this principle. Upon registration, for example, a corporation obtains "the capacity to sue and be sued" (Companies Act [2021 Revision] [Companies Act], § 202 [3] [b]). Further, "any legal proceedings that could have been continued or commenced by or against the registrant before its registration . . . may . . . be continued or commenced by or against the registrant after registration" (id., § 202 [3] [j]). This flexibility suggests that legal proceedings that were commenced during registration may be continued by or against a corporation after dissolution. Further, the Companies Act provides for the winding up of affairs during a dissolution (see id., §§ 151, 152), and this necessarily includes the right to defend itself in the face of existing lawsuits. For the same reasons, to the extent that the Silk Road defendants are deemed to be dissolved (see NYSCEF doc. no. 248 [Peter Tyers-Smith Aff], 7 [citing Companies Act, § 156 [a]), they continue to have the right to defend themselves in this lawsuit.
Moreover, as plaintiff's expert, Peter Tyers-Smith, notes, "it is possible for an aggrieved company . . . to apply for a company . . . to be restored to the register" (see NYSCEF doc. no. 248 [Peter Tyers-Smith Aff], 10). Tyers-Smith stresses that these applications are subject to [*4]approval. As stated, the Silk Road defendants intend to be restored under Section 159 of the Companies Act. The Assistant Registrar of Companies approved the requests for reinstatement subject to the payment of fees and penalties (NYSCEF doc. no. 256), and one of the companies, Silk Road Finance, already has been restored (NYSCEF doc. no. 260), along with its ability to sue and be sued (see St. James Constr. Corp., 253 AD2d at 755).
Finally, the court notes that the capacity to sue and the capacity to be sued are intertwined (see FBME Ltd., 709 Fed Appx at 5 [dissolved corporation lacks capacity as to both]). Tyers-Smith's affirmation notes that a dissolved company "lacks any capacity to sue or be sued" (NYSCEF Doc. No. 248, 9 [emphasis supplied]). According to a strict interpretation of plaintiff's argument, therefore, the case itself would be nullified due to the companies' dissolutions. Plaintiff argues that because he started the lawsuit before the dissolution, he is allowed to maintain it, but because the companies subsequently were struck off the registrar, they can no longer defend it. This position has no merit, for it would render companies defenseless against all pending lawsuits if, for some reason, their corporate status were dissolved. Therefore, if defendants lacked the capacity to defend the lawsuits, plaintiff would lack the ability to maintain it.
Accordingly, it is
ORDERED that the motion for default judgment is denied; and it is further
ORDERED that the caption is amended to reflect that, as the result of prior motion practice, defendants Apex Fund Services Ltd. and Peter Hughes have been dismissed from this lawsuit (NYSCEF doc. no. 72), and the new caption shall read:
______________________________________
MATHEW C. CLINGERMAN, AS RECEIVER
FOR SILK ROAD M3 FUND, A SEGREGATED
ACCOUNT OF SILK ROAD FUNDS LIMITED,
                                                  Plaintiff,                          
-v-
ALISHER ALI, EURASIA CAPITAL LTD.,
EURASIA CAPITAL (MONGOLIA) LLC, SILK
ROAD MANAGEMENT LIMITED, SILK ROAD
FINANCE LIMITED, SILK ROAD FINANCE INC.,
and APEX FUND SERVICES LTD.,                                                    Defendants.
______________________________________
And it is further
ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (Room 141B) and the Clerk of the Trial Support Office (Room 158), who are directed to amend their records to reflect such change in the caption herein.
This constitutes the decision and order of the court.
DATE 07/31/2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:The First Department affirmed the order, denying defendants' appeal (NYSCEF doc. no. 242; Clingerman v Ali, 212 AD3d 572 [1st Dept 2023]).
Footnote 2:Thus, plaintiff's suggestion that the answer was untimely lacks merit (see Roam Capital, Inc. v Asia Alternatives Mgt. LLC, 194 AD3d 585, 585-586 [1st Dept 2021]).
Footnote 3:Defendants submitted the affirmation in opposition to motion sequence number 002.
Footnote 4:Therefore, defendants' argument that they filed an answer to the complaint is not pertinent.
Footnote 5:The court notes that Talipov has submitted an affirmation and not an affidavit. It is not clear why he proceeded in this fashion. The court considers the affirmation to the extent that it introduces documents such as communications from Melanie Rivers, the assistant registrar of the companies, concerning the ongoing efforts to restore the companies to active status.