(22 Misc. Rep. 335.)

### BOWLER v. AMERICA BOX STRAP CO.

(Supreme Court, Appellate Term. January 17, 1898.)

CORPORATIONS—BY-LAWS—MODIFICATION.

A by-law of a corporation, fixing the salary of an officer thereof, may become modified by usage and acquiescence.

Appeal from Thirteenth district court.

Action by Eliza Bowler against the America Box Strap Company. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM, J.

Howard S. Gans and Stern & Rushmore, for appellant.
George B. Covington and Heyn & Covington, for respondent.

DALY, P. J. The action is brought to recover $50 for salary alleged to be due the plaintiff's assignor, Mr. Bowler, as president of the defendant corporation, for the week ending October 16, 1897. Mr. Bowler was elected president upon the organization of the company, in 1895. When he took office, he agreed to, and did, attend to the manufacturing business of the company, and took charge of it as overseer; the company being organized to manufacture under his patents assigned to it, he receiving 28⅓ shares of its capital stock of 100 shares. The by-laws prescribed a weekly salary of $50 for the president. Mr. Bowler was paid at that rate to December, 1895, when he agreed to accept $30 per week, and received it until January, 1897, when he agreed to take $25 per week, and continued at that rate until May 1, 1897, when he accepted $15 per week, which he received until June 12th, when he ceased to perform any further work as overseer, but continued to act as president down to the commencement of this action. The services which he gave as overseer were rendered pursuant to an agreement with the organizers of the company prior to its incorporation. The several reductions of pay were proposed to the president by the company, and agreed to by him, upon the representation, in effect, on each occasion, that the company could not continue, and would have to be closed out, unless he agreed to receive the lesser compensation for his services. By the acceptance of these lesser sums, the president consented to a modification of the original contract; and the agreement for such modification was founded upon a good consideration, to wit, his continuance in office and continued employment, which were dependent, of course, upon the existence of the company. He testified that upon one occasion he was informed, in effect, that his salary would be restored when new machinery was put in and the business would pay; but this was no

more than an agreement to give the full rate when the company could
afford it, and no proof was offered that this point was ever reached
in the business of the concern.

There can be no doubt that a valid modification of a by-law of a
corporation, fixing the salary of its officer, can be effected by an exe-
cuted parol agreement between the company and the officer, and that
the conduct of the parties is evidence on the question of such agree-
ment. A by-law may be modified by usage and acquiescence.  5 Am.
& Eng. Enc. Law (2d Ed.) 91, and cases cited. In this case it is ap-
parent that, for satisfactory reasons, the by-law fixing the salary of
the president of this company ceased to be operative within a year
after the company was organized, and that a usage was substituted
whereby the compensation of that officer was fixed from time to time
by agreement. There seems to have been no action by the parties
which warranted a finding that it had ever been restored to the orig-
inal sum, and so the verdict for the plaintiff rests upon no legal foun-
dation.

Judgment reversed, and new trial ordered, with costs to appellant
to abide event.