LAWRENCE POMEROY, Plaintiff, *v.* ROBERT WESTAWAY et al., Defendants.

Supreme Court, Special Term, New York County, February 26, 1947.

*Hamilton Hicks* for plaintiff.

*Lamar Hardy* and *John W. Burke, Jr.,* for Robert Westaway and others, defendants.

*Thomas Kiernan* for Central Hanover Bank & Trust Company and others, defendants.

*James S. Regan* for Philip M. Smith and others, defendants.

*Robert S. Buttles* for Mary R. Braman and another, defendants.

EDER, J. Plaintiff was and still is a stockholder of defendant A. D. Julliard & Co., Inc.

Article 36 of the by-laws of the company, entitled, " Transfers of Stock ", so far as here pertinent, provides: " No transfer of stock shall be made on the books of the company, and no sale or assignment thereof shall be valid, unless such stock shall have first been offered to the corporation, and second to the stockholders of this corporation, if the corporation shall fail, neglect or refuse to purchase the same, subject to the condition that the corporation might acquire any part of said offering before any of said stock should be offered to the stockholders."

On March 11, 1943, the defendant Central Hanover Bank & Trust Company, as trustee for the benefit of Mary R. Braman, Harold A. Braman and Chester A. Braman, and defendant 533 West End Avenue Corporation, sold and transferred to defendant Westaway 11,281 shares of the common stock of the company. Plaintiff claims that such transaction was and is in violation of said article 36, in that the bank made no offer of sale and transfer to the corporation or its stockholders as required by said by-law.

Plaintiff had prior to the sale and transfer notified the bank and Westaway that he objected thereto, for the reason stated, but despite his protest the transaction was consummated.

A decree is sought adjudging the sale and transfer to be invalid, directing Westaway to redeliver the shares to the

bank, and requiring that it thereafter offer the shares to the corporation, and, in the event of its declination, to the stockholders. Other relief is prayed for, but the fundamental premise upon which plaintiff proceeds is that the sale and transfer were and are invalid for the mentioned reason.

Various defenses are interposed, but the basal ones are that said by-law has been regarded and treated by the stockholders as inoperative, abandoned and abrogated; that there have been sales and transfers without compliance with said by-law, with the acquiescence of the stockholders, and that never before in the history of the company has any objection been made other than by plaintiff and involved in the instant suit.

Following the sale and transfer of said shares to him, Westaway and the bank, in view of plaintiff's contention and objection, in order " to avoid possible controversy ", concluded to offer opportunity first to the company and then to the stockholders to avail themselves of such rights as they might have had under the provisions of said article 36 to purchase the shares acquired by Westaway from the bank at his acquisition price.

Plaintiff declined to avail himself of the offer and opportunity and took the position, and still does, that before any valid offer could be made or any valid sale and transfer of the shares accomplished, there must first be a redelivery by Westaway of the shares to the bank and that to be proper, effective and valid, the offer must come from the bank and not from Westaway.

Plaintiff also contends that the aforementioned offer by Westaway was and constituted a recognition by him and the bank that article 36 was operative and in force. He maintains that it is still in force.

Said defendants, on the other hand, contend that the purpose of the offer was merely to avoid possible controversy if the by-law was operative and in force and thus afford the company and the stockholders the opportunity to buy if they wanted to and that that is all the by-law was designed to reserve for them.

If article 36 was and is operative and effective, other questions present themselves, among them the power of the court to mandatorily compel the bank, upon redelivery of the shares to it by Westaway to offer them for sale, and it is urged, and, I think, with much merit, that the court is without power to do so.

On the other hand, if article 36 is found to have been disregarded, considered and treated by the stockholders as inoperative, abandoned and abrogated, the plaintiff then has no maintainable cause of action.

After due consideration of the evidence and upon due reflection I reach the conclusion and find, as a fact, that said by-law was treated, considered and regarded by the stockholders as inoperative, abandoned and abrogated.

The rule is recognized that stockholders may by consent or by acts and conduct repeal or accomplish the modification or abrogation of a by-law, as fully and effectively as if done by them by formal action, and the by-law is deemed to have been repealed or modified, as the case may be; likewise, nonusage of a by-law, continuing for a considerable length of time, and acquiesced therein, will work its abrogation (*Evans* v. *Southern Tier Masonic Relief Assn.*, 76 App. Div. 151; *Bowler* v. *America Box Strap Co.*, 22 Misc. 335; *Bay City Lumber Co.* v. *Anderson*, 8 Wn. [2d] 191; *Elliott* v. *Lindquist*, 94 Pitts. L. J. 295; 14 C. J., Corporations, § 456, p. 359; 1 Cook on Corporations [8th ed.], § 4a, p. 37; 8 Fletcher's Cyclopedia Corporations, § 4183; 1 Morawetz on Private Corporations [2d ed.], § 499; 2 Thompson on Corporations [3d ed.], §§ 1158, 1159; 1 White on New York Corporations [1929 ed.], p. 175).

This pivotal question is one to be determined from the facts and circumstances of each particular case.

The proof in the case at bar fully establishes, in my opinion, that said by-law has been consistently disregarded by the stockholders and has been considered, regarded and treated by them as inoperative, abandoned and abrogated; repeated sales and transfers have taken place without compliance with the by-law, without objection by and with the acquiescence of the stockholders of the company, other than by plaintiff, as mentioned.

Almost from the date of its inception the by-law has been honored in the nonobservance thereof, rather than in adherence and obedience thereto.

With respect to plaintiff's claim that Westaway and the bank have recognized the by-law as operative and in force by the offer to sell the shares to the corporation and its stockholders, I do not share that view.

In view of the fact that article 36 was inoperative and had been abandoned and abrogated by the stockholders, neither Westaway nor the bank was under any legal obligation or

duty to make the offer, and the fact that it was made to afford the corporation and the stockholders opportunity to purchase the stock is indicative of the good faith of Westaway and the bank and commends itself to the court.

Assuming, *arguendo*, that article 36 was operative and in force, the offer coming from Westaway was a proper one. There was and is no legal obligation or duty on the part of the bank, as transferror, to make the offer, to render it effective. No such requirement is imposed by the by-law or by decisional law, as far as I am aware. The offer by Westaway, as the transferee, and in the manner made, was a substantial compliance therewith.

Judgment is accordingly rendered in favor of the defendants, dismissing the complaint, upon the merits.

Submit decision and judgment, on notice.