In the Matter of BUFFALO MEMORIAL CHAPELS, INC., et al., Petitioners, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Determination unanimously modified on the law and as modified confirmed without costs, and matter remitted to respondents for further proceedings, in accordance with the following memorandum: Petitioners, Gregory Pierce, a licensed funeral director, and Buffalo Memorial Chapels, Inc., a licensed funeral establishment, commenced this CPLR article 78 proceeding to challenge a determination of respondent Department of Health, made after a hearing, sustaining 59 of 60 charges pending against them and revoking petitioners' corporate and individual licenses. Petitioners claim that the determination of the Administrative Law Judge (ALJ), adopted by the Department, was arbitrary and capricious, based upon errors of law and not supported by substantial evidence. Petitioners also contend that their due process rights were violated because they were not given adequate notice of the charges against them and that the sentence of revocation is excessive.

We reject petitioners' due process argument. In our view, the statutes and regulations controlling the conduct of funeral directors and funeral establishments are not unconstitutionally vague, and the written charges gave petitioners sufficient notice to enable them to prepare a defense.

We find that respondents' conclusion sustaining charge 5 was not supported by substantial evidence. In charge 3, petitioners were accused of failing to provide a vault although the

customer was billed for a vault. Charge 5 alleges that petitioners failed to retain a receipt for a vault provided to this same customer. This charge cannot be sustained because the proof shows that a vault was never provided, which supports petitioners' conviction on charge No. 3. Respondents cannot have it both ways.

We further find that charges 14, 15, 16 and 18 must be dismissed, because respondents failed to prove that petitioners knew that their corporate status had been revoked by operation of law for nonpayment of franchise taxes (Tax Law § 203-a), and proof of knowledge is essential to a finding of fraudulent intent. Moreover, because payment of their franchise taxes restored petitioners' corporate status nunc pro tunc (Tax Law § 203-a [7]), they cannot be found guilty of misrepresenting their corporate status from 1982 to 1986.

We also find that charges 2, 8, 10, 11, 12, 13, 55, 57 and 60 must be dismissed. During the hearing, the ALJ made statements concerning the lack of proof on these charges and indicated that he desired to hear nothing further on these charges. It is clear from our review of the hearing transcript that petitioners' attorney relied upon these statements and complied with the ALJ by ceasing argument on these charges. In our view, the ALJ's ultimate sustaining of these charges was arbitrary and capricious.

We find the 45 remaining charges to have been sustained by substantial evidence. We remit the matter to the respondents for the imposition of an appropriate sanction in light of the modifications made by this court. We do not address petitioners' argument that the original sanction imposed was excessive. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Mintz, J.) Present—Callahan, J. P., Doerr, Balio and Davis, JJ.