■ BEDFORD HILLS SUPPLY, INC., Appellant, v CHRISTOPHER HUBERT et al., Respondents, et al., Defendant. [674 NYS2d 404] —In an action to recover damages for fraud and on an account stated, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 23, 1997, as granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against the individual defendants Christopher Hubert and Mark Hubert, and denied its cross motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Bedford Hills Supply, Inc., is in the plumbing supply business. The defendant R.M. Hubert & Sons, Inc. (hereinafter RMH) is a plumbing and heating company which was incorporated in 1984. The defendants Christopher Hubert and Mark Hubert are the only officers and shareholders of RMH. In 1987 RMH opened a credit account with the plaintiff. On March 28, 1995, RMH was involuntarily dissolved by proclamation of the New York Secretary of State for failure to pay certain corporate taxes (see, Tax Law § 203-a [1]). It is undisputed that the individual defendants were unaware of the dissolution.

Between June 1, 1995, and December 31, 1995, RMH continued to make purchases on account from the plaintiff. On December 3, 1996, in accordance with the provisions of Tax Law § 203-a (7), RMH filed a "certificate of consent" with the Commissioner of Taxation and Finance and paid all past due taxes as well as penalties and interest.

In 1996 the plaintiff commenced this action, inter alia, to recover for goods which had been supplied to RMH on account and for which no payment had been received. The plaintiff argued that the individual defendants fraudulently represented the corporate status of RMH during the period in question, and therefore they were personally liable.

Since the parties have stipulated that the individual defendants had no actual knowledge of the dissolution during the period of time the goods were purchased on account, the complaint fails to state a cause of action against them to re-

cover damages for fraud (*see generally, Hauser v Lista,* 201 AD2d 873; *see also, Matter of Buffalo Mem. Chapels v Axelrod,* 152 AD2d 969). Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.