FLUSHING PLAZA ASSOCIATES #2 et al., Respondents, v WARREN S. ALBERT, Appellant, et al., Defendants. [818 NYS2d 252]—

In an action, inter alia, to recover damages for breach of a lease, the defendant Warren S. Albert appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kelly, J.), dated May 26, 2004, which granted the plaintiffs' motion for summary judgment on its first, sixth, and eighth causes of action, and among other things, is in favor of the plaintiffs and against him in the principal amount of $211,388.20.

Ordered that the order and judgment is reversed, on the law, with costs, and the motion is denied.

The facts here are not in dispute. The defendant W.S. Albert Enterprises, Inc. (hereinafter Enterprises), was incorporated in September 1990. In 1994 Enterprises was dissolved by proclamation of the New York Secretary of State (hereinafter the Secretary of State) pursuant to Tax Law § 203-a for failure to pay corporate franchise taxes. Notwithstanding that fact, in 1998 Enterprises leased certain premises from the plaintiff landlord Flushing Plaza Associates #2 (hereinafter the plaintiff) for a period of 10 years. The defendant Warren S. Albert (hereinafter Albert), signed the lease as a corporate officer of Enterprises. The plaintiff subsequently brought a proceeding against Enterprises for nonpayment of rent from October 2001 to March 2002. On May 31, 2002 the Civil Court of the City of New York, Queens County, issued a judgment of possession of the premises and a money judgment representing arrears in rent in the sum of $58,391.54, in favor of the plaintiff.

Subsequent to the entry of that judgment, the plaintiff discovered that Enterprises had been dissolved before the execution of the lease for failure to pay corporate franchise taxes. The plaintiff commenced this action seeking compensatory and punitive damages, alleging that Albert was responsible for rent owed on the plaintiff's lease with Enterprises as a consequence of engaging in acts in violation of Business Corporation Law §§ 1004 and 1005 (a) (1), to wit, conducting business during corporate dissolution. The plaintiff moved for summary judgment on its first, sixth, and eighth causes of action. In opposing the motion, Albert submitted proof indicating that Enterprises owed only $286.19 in corporate franchise taxes, late charges, and penalties. More significantly, Albert submitted a certificate from the Secretary of State, dated November 13, 2003, stating that Enterprises had paid all the back taxes due. The dissolution of Enterprises was annulled on November 21, 2003.

Notwithstanding these uncontroverted facts, the Supreme Court awarded the plaintiff judgment on its first cause of action in the principal sum of $58,391.54, representing the amount awarded by the Civil Court on May 31, 2002, and on its sixth cause of action in the principal sum of $152,996.66, apparently representing rent due under the lease for the period from April 1, 2002 through April 14, 2003. The instant appeal ensued.

Tax Law § 203-a (7), (8) permits retroactive nullification of a corporate dissolution upon payment of accrued tax arrears. Once Enterprises paid its back taxes it was restored nunc pro tunc to its former corporate status. We stated in *Lorisa Capital Corp. v Gallo* (119 AD2d 99 [1986]), that once back taxes are paid, the corporation is "reinstated to de jure status nunc pro tunc [and] its contracts entered into during the period of delinquency would be retroactively validated. By statute, the corporate powers, rights, duties and obligations are reinstated nunc pro tunc, as if 'such proclamation [of dissolution] had not been made or published.' " (*id.* at 113, quoting Tax Law § 203-a [7], [8]).

Similarly, in *Bedford Hills Supply v Hubert* (251 AD2d 438 [1998]), we affirmed the grant of summary judgment dismissing the complaint against an individual defendant predicated on a claim for an account stated for goods received where, after the defendant corporation had been dissolved for failure to pay certain corporate taxes, all back taxes, penalties, and interest had been paid.

The result reached by the Supreme Court in this case effectively put the plaintiff in a position superior to that which it had been upon execution of the lease by converting the corporate officer, Warren S. Albert, to the status of guarantor,

when there is nothing in the record to suggest that the parties bargained for such status and there is no assertion that any representation in the nature of a guarantee was made (*see Klein v Guglielmi*, 2001 NY Slip Op 50083[U] [Sup Ct, NY County, Sept. 26, 2001]). Whether or not a viable cause of action to recover damages for fraud exists cannot be determined on this record and is not an issue properly presented for consideration by this Court (*cf. Bedford Hills Supply v Hubert, supra; Olympus Am. v 5th Ave. Photo*, 194 Misc 2d 752 [2002]). *Brandes Meat Corp. v Cromer* (146 AD2d 666 [1989]), is distinguishable, as in that case, we explicitly found that there had been no nullification of the certificate of dissolution and the individual continued to act on behalf of the corporate defendant without making any effort to repay the franchise taxes owed.

Based upon the foregoing, the order and judgment must be reversed and the plaintiffs' motion for summary judgment denied (*see L-Tec Elecs. Corp. v Cougar Elec. Org., Inc.*, 198 F3d 85 [1999]). Florio, J.P., Crane, Ritter and Lifson, JJ., concur.