CHARLES LODATO, Plaintiff, v GREYHAWK NORTH AMERICA, LLC, Defendant and Third-Party Plaintiff, et al., Defendant. NAGAN CONSTRUCTION, INC., Third-Party Defendant/Second Third-Party Plaintiff-Respondent-Appellant, et al., Second Third-Party Defendant; VITO LODATO, Second Third-Party Defendant-Appellant-Respondent. [834 NYS2d 237]—

In an action to recover damages for personal injuries, the second third-party defendant Vito Lodato appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 23, 2005, which denied his motion for summary judgment dismissing the second third-party complaint insofar as asserted against him, and the third-party defendant/second third-party plaintiff cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, as the third-party defendant/second third-party plaintiff is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The second third-party defendant Magara Construction, Inc. (hereinafter Magara), was dissolved in December 1993 by proclamation of the Secretary of State for nonpayment of franchise taxes. Magara's principal, the second third-party defendant Vito Lodato, continued to operate the business as a corporation, including entering into a subcontract in 2000 with the third-party defendant/second third-party plaintiff, Nagan Construction, Inc. (hereinafter Nagan), in connection with a school renovation project. During the work on that project, Lodato's son, a Magara employee, was injured, resulting in the instant personal injury action. In March 2005, after Nagan commenced the second third-party action herein, seeking indemnification from Magara and from Lodato personally, Magara paid its delinquent taxes and obtained an annulment of the dissolution and reinstatement of its corporate status. Lodato moved for summary judgment dismissing the second third-party complaint insofar as asserted against him, arguing that he had operated Magara as a de facto corporation during the 11-year period after it was dissolved, and therefore could not be held personally liable for its activities. Nagan opposed the motion, arguing that Lodato became personally liable for the debts and obligations of the corporation after it was dissolved. The Supreme Court denied Lodato's motion. We affirm.

A dissolved corporation has no existence, either de jure or de facto, except for a limited de jure existence for the sole purpose of winding up its affairs (*see Lorisa Capital Corp. v Gallo,* 119 AD2d 99, 109-111 [1986]). Generally, a person who "purport[s] to act on behalf of a corporation which [has] neither a de jure nor a de facto existence [is] personally responsible for the obligations which he incur[s]" (*Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667 [1989]). Nonetheless, an individual who has "no actual knowledge of the dissolution" (*Bedford Hills Supply v Hubert,* 251 AD2d 438 [1998]), and thus has not "fraudulently represented the corporate status" of the dissolved entity, will not be held personally liable for the obligations undertaken by the entity while it was dissolved (*Bedford Hills Supply v Hubert,* 251 AD2d 438 [1998], *id.*). Furthermore, as a general rule, when a dissolution is annulled, the entity's corporate status is reinstated nunc pro tunc, and contracts entered into during the period of dissolution are " 'retroactively validated' " (*Flushing Plaza Assoc. #2 v Albert,* 31 AD3d 494, 495 [2006], quoting *Lorisa Capital Corp. v Gallo, supra* at 113).

In this case, the Supreme Court correctly determined that tri-

able issues of fact existed as to whether Lodato was aware of Magara's dissolution at the time he entered into the subcontract with Nagan, and whether Lodato fraudulently represented the corporate status of Magara during the period after its dissolution and before its reinstatement. Because these issues cannot be determined on the present record (*see Flushing Plaza Assoc. #2 v Albert, supra* at 496), Lodato was not entitled to summary judgment.

In light of the existence of triable issues of fact, we decline the request of the third-party defendant/second third-party plaintiff to search the record and award summary judgment in its favor. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur. [*See* 10 Misc 3d 418 (2005).]