ANDREW J. SPINNELL, Respondent, v JP MORGAN CHASE BANK, N.A., Respondent, and PHILIP SELDON, Appellant. [873 NYS2d 626]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered February 5, 2008, confirming a Special Referee's recommendation that the corporate veil of debtor Birddog Associates be pierced and its assets applied to satisfy the judgment against defendant Seldon, unanimously affirmed, with costs.

The referee's report clearly defined and addressed the issues, resolved matters of credibility, and was supported by the evidence (*Gass v Gass,* 42 AD3d 393 [2007]), and it correctly applied the law. Contrary to appellant's contentions, the dummy corporation did not have to be named or served because it was defunct at the time of service of the restraining notice. The court properly applied New York law because there is no conflict with Delaware law with respect to "reverse veil-piercing" (*see State of New York v Easton,* 169 Misc 2d 282, 288-290 [1995]), or the liability of an individual shareholder for fraud or acts taken in bad faith while a revived formerly tax-defunct corporation's charter was void (*see Lodato v Greyhawk N. Am., L.L.C.,* 10 Misc 3d 418 [2005], *affd* 39 AD3d 496 [2007]; *Frederic G. Krapf & Son, Inc. v Gorson,* 243 A2d 713, 715 [Del 1968]). Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ.