Laffey v Laffey (2019 NY Slip Op 05521)





Laffey v Laffey


2019 NY Slip Op 05521


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-00346
 (Index Nos. 7703/12, 13360/12, 15523/12)

[*1]Mark Laffey, et al., respondents,
v
Emmett Laffey, et al., appellants. (Action No. 1)
Mark Laffey, et al., respondents,
v
Emmett Laffey, et al., appellants, et al., defendants. (Action No. 2)
Emmett Laffey, appellant,
v
Philip Laffey, et al., respondents. (Action No. 3)


Mejias Milgrim & Alvarado, P.C., Glen Cove, NY (David L. Mejias and Mili Makhijani of counsel), for appellants.
Harris Beach PLLC (Port & Sava, Lynbrook, NY [George S. Sava], of counsel), for respondents.



DECISION & ORDER
In three related actions, inter alia, for declaratory and injunctive relief and to recover damages for breach of fiduciary duty, which were joined for trial, Emmett Laffey, a defendant in Action Nos. 1 and 2 and the plaintiff in Action No. 3, and Laffey Fine Homes International, LLC, a defendant in Action Nos. 1 and 2, appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered November 10, 2015. The judgment, insofar as appealed from, after a nonjury trial, (1) is in favor of the plaintiffs in Action No. 1 and against Emmett Laffey dismissing his counterclaims alleging breach of fiduciary duty, waste of corporate assets, and unjust enrichment, and for a judgment declaring that various corporate entities operating under the name of "Laffey Fine Homes" were to be operated on a unanimous consent basis among Mark Laffey, Philip Laffey, and Emmett Laffey, (2) is in favor of the defendants in Action No. 3 and against Emmett Laffey dismissing the causes of action alleging breach of fiduciary duty, defamation, and slander per se, and (3) declared that the domain name "Laffey.com" was a wholly owned corporate asset of "Laffey Fine Homes" and not an asset belonging to Emmett Laffey or Laffey Fine Homes International, LLC.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Mark Laffey, Philip Laffey, and Emmett Laffey (hereinafter collectively the brothers) are brothers, as well as the principals of the residential real estate business operating under the name of Laffey Fine Homes. Each brother also owns individual real estate businesses in various parts of Long Island, often competing directly with one another and with jointly owned businesses. Beginning in approximately 2007, irreconcilable conflicts arose among the brothers, culminating in Emmett's removal, in June 2012, as a director/manager and officer of four jointly held entities, U.S. [*2]1 Laffey Real Estate Corp., doing business as Laffey Fine Homes (hereinafter LFH), Laffey Associates, LLC (hereinafter Laffey Associates), eRealty Title Agency Corp. (hereinafter eRealty), and 55 Northern Blvd., LLC (hereinafter 55 Northern). Protracted and often acrimonious litigation ensued, including the instant three actions, which were joined for trial.
In June 2012, Mark and Philip, together with LFH, Laffey Associates, eRealty, 55 Northern, and U.S. 1 Laffey Real Estate of Bellerose, Inc., commenced Action Nos. 1 and 2 against Emmett and one of his individually owned companies, Laffey Fine Homes International, LLC (hereinafter LFH International). Insofar as relevant to this appeal, Mark and Philip sought a judgment declaring that Emmett had been duly and properly removed as a director and officer of eRealty and LFH, and as an operating manager of Laffey Associates and 55 Northern. They also sought a declaration that the domain name "Laffey.com" was an asset of the jointly owned businesses, as well as various forms of injunctive relief, an accounting, and damages under a number of different theories, including breach of fiduciary duty.
Emmett, in turn, asserted various counterclaims in Action No. 1, including, insofar as relevant to this appeal, counterclaims sounding in breach of fiduciary duty, waste of corporate assets, and unjust enrichment, and for a judgment declaring that LFH, eRealty, Laffey Associates, and 55 Northern had always been operated jointly by the brothers on a unanimous consent basis. Emmett also commenced Action No. 3 against Mark and Philip, alleging breach of fiduciary duty, slander per se, and defamation.
Following a nonjury trial, the Supreme Court entered a judgment granting only partial relief to Mark and Philip and the jointly owned corporate plaintiffs. Specifically, the judgment declared that Emmett had been duly and properly terminated without cause as an operating manager of Laffey Associates and as a director and officer of eRealty. In an accompanying decision dated August 24, 2015, which was incorporated into the judgment and attached as an exhibit thereto, the court found that Emmett had not been duly and properly terminated as a director, officer, and employee of the company known, on June 11, 2012, as "U.S. 1 Laffey Real Estate Corp.," since that company had been dissolved by proclamation and, therefore, could not act on that date [FN1]. The court also declined to render any declaration as to whether Emmett had been duly and properly terminated as an operating manager of 55 Northern, for want of documentary evidence (see CPLR 3001). The judgment further declared that the domain name "Laffey.com" was an asset of the jointly owned entities. The court dismissed the remaining causes of action of the plaintiffs in Action Nos. 1 and 2, dismissed Emmett's causes of action in Action No. 3, and also dismissed all the counterclaims asserted by Emmett.
On appeal, Emmett and LFH International contend that Emmett's counterclaims against Mark and Philip sounding in breach of fiduciary duty, waste of corporate assets, and unjust enrichment, and his cause of action alleging breach of fiduciary duty, should not have been dismissed in light of the Supreme Court's finding that he was not duly and properly terminated as a director, officer, and employee of the company known, on June 11, 2012, as "U.S. 1 Laffey Real Estate Corp." Relatedly, Emmett and LFH International maintain that the Supreme Court erred in failing to recognize that the brothers had a history of operating the jointly owned business on a unanimous consent basis. Neither of these contentions has merit.
In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court. Thus, this Court may render the judgment it finds warranted by the facts, "taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [internal quotation marks omitted]).
Under the unusual circumstances presented, we agree with the Supreme Court's [*3]determination dismissing Emmett's counterclaim and cause of action alleging breach of fiduciary duty. The evidence presented at trial showed that each brother owned and operated his own real estate company well before acquiring the jointly owned businesses from their father. Even after acquiring the jointly owned businesses, the brothers—who never entered into a shareholders' agreement—openly continued for several years to own and operate their individual real estate businesses alongside the jointly owned businesses, often directly competing against one another and against the jointly owned businesses for listings and agents. In light of this history, the court dismissed the parties' respective allegations of breach of fiduciary duty, finding that the open and continued competition among the brothers—both before and after Emmett's purported removal from the jointly owned entities—did not amount to actionable misconduct (see generally Baldeo v Majeed, 150 AD3d 942). We discern no basis to disturb the court's findings (see Ganai v 6910 Fort Hamilton Parkway Corp., 149 AD3d 914, 915-916).
The Supreme Court's finding that Emmett was not duly and properly terminated as a director, officer, and employee of the company known, on June 11, 2012, as "U.S. 1 Laffey Real Estate Corp."—on the narrow ground that no such company existed on that date—does not support Emmett's contention that Mark and Philip were somehow precluded from terminating him from the other entities based on an alleged history of operating the jointly owned entities on a unanimous consent basis.
Since the brothers largely dispensed with corporate formalities over the course of many years, the documentary record pertaining to the formation and operation of the jointly owned entities is sparse and largely inconclusive.
As regards eRealty, the certificate of incorporation and the bylaws belie Emmett's contention that decisions were to be made on a unanimous consent basis, and Emmett failed to establish that the bylaws were either amended (see Business Corporate Law § 601) or rendered ineffective by nonusage over a considerable length of time (see Matter of Venigalla v Nori, 11 NY3d 55, 62; Pomeroy v Westaway, 189 Misc 307 [Sup Ct, NY County], affd 273 App Div 760).
With respect to Laffey Associates, Emmett failed to establish the existence of any corporate document evincing an intent to depart from the general provisions of the Limited Liability Company Law, which allow for corporate actions to be approved by a vote of a majority in interest of the members entitled to vote thereon (see Limited Liability Company Law §§ 402, 414). Among other things, the operating agreement of Laffey Associates is not part of the record, and the documentary record pertaining to LFH and 55 Northern is even more fragmentary.
In sum, Emmett failed to establish that any of the jointly owned entities had, in fact, been operated on a unanimous consent basis. Nevertheless, in light of the incomplete nature of the record before it, we agree with the Supreme Court's determination declining to render any declaration on this issue (see CPLR 3001) and, instead, dismissing Emmett's counterclaim.
Emmett and LFH International also argue that the Supreme Court erred in declaring that the domain name "Laffey.com" was an asset of the jointly owned entities. The contention lacks merit. The court expressly discredited Emmett's ownership claim, finding that Emmett did not pay for the domain name using his own funds; rather, the name was purchased using money from an account used by the jointly owned businesses. Inasmuch as the court's factual determination that Emmett did not pay for "Laffey.com" with his own funds is soundly supported by the record, and rests in large measure on considerations relating to the credibility of witnesses (see Melville Capital, LLC v Gugick, 144 AD3d 999, 1000), we see no reason to disturb it.
Emmett and LFH International's alternative contention that the jointly owned entity that purportedly acquired "Laffey.com" had been dissolved by proclamation at the time of the transaction does not require a different result, since any possible challenge to that transaction (see Business Corporation Law § 1005[a][1]; Tax Law § 203-a[7], [8]; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774-775; Flushing Plaza Assoc. #2 v Albert, 31 AD3d 494, 495) would not inure to the personal benefit of Emmett or LFH International.
Emmett and LFH International's remaining contentions are without merit.
SCHEINKMAN, P.J., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1: Confusingly, the dissolved company, which was formed in 1991, is not the same entity that currently bears the name "U.S. 1 Laffey Real Estate Corp."—which was formed in 1974 and began using the name only on September 11, 2012.