Global Montello Group Corp. v Bronx Auto Tire, Inc. (2020 NY Slip Op 03466)





Global Montello Group Corp. v Bronx Auto Tire, Inc.


2020 NY Slip Op 03466


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11271 25940/16E

[*1] Global Montello Group Corp., Plaintiff-Respondent,
v
Bronx Auto Tire, Inc., et al., Defendants-Appellants.


Sharova Law Firm, Brooklyn (Charles Marino of counsel), for appellants.
Harriton & Furrer, LLP, Armonk (Kimberly A. Sanford of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered March 5, 2019, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion for summary judgment, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing plaintiff's claims as against defendants Noah Shalem and Mort Shalem, and otherwise affirmed, without costs.
Tax Law § 203-a(7) provides that once the outstanding tax arrears for a dissolved corporation are paid, the corporation is reinstated nunc pro tunc as if the dissolution never occurred (see St. James Constr. Corp. v Long, 253 AD2d 754, 755 [2d Dept 1998]). If the dissolution never occurred, then the individual defendants would not have been personally liable for the obligations of the corporation, absent a finding of, inter alia, fraud, piercing of the corporate veil, or alter ego. Therefore, since defendant Bronx Auto Tire, Inc. (BAT) paid off its corporate taxes and was reinstated as an active corporation, Noah and Mort Shalem should no longer be held personally liable for the obligations under the License Agreement (see Flushing Plaza Assoc. #2 v Albert, 31 AD3d 494, 495-496 [2d Dept 2006]). "Whether or not a viable cause of action to recover damages for fraud exists cannot be determined on this record and is not an issue properly presented for consideration by this Court" (id. at 496).
Supreme Court properly granted summary judgment in plaintiff's favor as against BAT. Plaintiff's submission of the affidavit of its vice president was sufficient to authenticate the License Agreement and the Assignment Agreement. Defendants do not substantively challenge the authenticity of these agreements, or allege that the signatures were not genuine. Thus, these contracts are not hearsay and did not require a business record foundation to prove an exception to the hearsay rule (see Service Alliance, Inc. v Betesh, 52 Misc 3d 131[A], 2016 NY Slip Op 50966[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Furthermore, while defendants object on hearsay grounds to the attached correspondence and other business documents, such documentation was unnecessary for a summary judgment finding.
Plaintiff's vice president averred in his affidavit that the monthly license fee was increased to $10,050 per month, effective September 30, 2014, BAT defaulted under the License Agreement by failing to timely pay fees, and BAT currently owed plaintiff $139,809.26. This evidence [*2]sufficiently established plaintiff's prima facie entitlement to judgment on the breach of contract claim against BAT, and defendants do not raise any triable issues with respect to BAT's liability or as to the damages amount.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK