DJR Communications Corp. II v 530 Park Residential Holdings LLC (2020 NY Slip Op 06849)





DJR Communications Corp. II v 530 Park Residential Holdings LLC


2020 NY Slip Op 06849


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 102509/12 Appeal No. 12435-12435A Case No. 2019-4619 

[*1]DJR Communications Corp. II, Formerly Known as DJR Communications Corp., et al., Plaintiffs-Respondents,
v
530 Park Residential Holdings LLC, Defendant-Appellant.


Meyer, Suozzi, English & Klein, P.C., Garden City (Kevin Schlosser of counsel), for appellant.
Norman A. Olch, New York, for respondents.



Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered May 15, 2019, and bringing up for review an order, same court and Justice, entered December 19, 2018, which, after a nonjury trial, granted plaintiffs' claim for a declaratory judgment that plaintiff "DJR Communications Corp. is the tenant of record" of the subject apartment and that defendant "must abide by the terms and conditions" of a certain lease, "including permitting plaintiff Jorel Roth to occupy the unit and to renew the lease pursuant to the Lease Rider," unanimously affirmed, without costs. Appeal from order, entered December [*2]19, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
The trial court properly granted leave to conform the pleadings to the proof under CPLR 3025(c) by adding DJR Communications Corp. (Corp.) as a party. Under Tax Law § 203-a(7), a dissolved corporation is reinstated to its active status nunc pro tunc upon the payment of the fees, taxes, and other amounts due upon the issuance of a certificate of consent by the commissioner of the New York State Department of Taxation and Finance (DOF) and acceptance by the New York State Department of State (DOS). Thus, the reinstatement of Corp. via the certificate of consent issued by DOF on February 7, 2013 rendered defendant's objections to Corp.'s status as tenant of record moot (Flushing Plaza Assoc. No. 2 v Albert, 31 AD3d 494, 495 [2d Dept 2006]).
In addition, the evidence at trial showed that defendant commenced a nonpayment proceeding against Corp. in 2012 and entered into a settlement agreement on February 8, 2013, after the commencement of this action, acknowledging that Corp. had been reinstated the day before. Therefore, defendant's argument that Corp. was not the tenant of record under the 2011 lease because it was dissolved, is unavailing (id.). Accordingly, irrespective of whether Corp. was made a party to the action, the trial court properly declared that it was the tenant of record of the apartment, and defendant cannot now claim prejudice after acknowledging as much in the nonpayment proceeding in 2013 (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
As to fraud, defendant failed to present evidence of "actual pecuniary loss sustained as the direct result of the wrong" in order to sustain the cause of action (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996] [internal quotation marks omitted]). In any event, "[t]he creation of a landlord-tenant relationship should not be reduced to a matter of gamesmanship" particularly in light of the testimony by defendant's managing agent that its records showed Corp. was the tenant of record (Chusid v Wright, 138 AD2d 291, 292 [1st Dept 1988] [internal quotation marks omitted]).
Regarding defendant's request for a money judgment, the record shows that the parties agreed to bifurcate the calculation of rental arrears until after the trial court issued its decision on liability and presented no evidence as to the amounts owed. Accordingly, there was no basis for the award of a money judgment on this record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020