Weissman v Revel Transit, Inc. (2023 NY Slip Op 02956)

Weissman v Revel Transit, Inc.

2023 NY Slip Op 02956

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Index No. 152136/21 Appeal No. 379 Case No. 2022-01486 

[*1]Benjamin Weissman, Plaintiff-Appellant,
v
Revel Transit, Inc., Defendant-Respondent.

The Berkman Law Office, LLC, Brooklyn (David Tolchin of counsel), for appellant.
Haworth Barber & Gerstman, LLC, New York (Jennifer Bruder, Chauncey Gibson and Malfridur Helgadottir of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about Febraury 25, 2022, which denied plaintiff's motion for an order staying arbitration, barring defendant from offering into evidence the purported agreement annexed to its demand for arbitration, and dismissing defendant's counterclaim for failure to state a cause of action and granted defendant's cross-motion for an order compelling arbitration and staying the action, unanimously affirmed, without costs.
Plaintiff commenced this action alleging that he was injured when an electric moped, leased through defendant's website via his mobile device, allegedly malfunctioned. Defendant moved to compel arbitration, asserting that plaintiff agreed to be bound by the terms of the "Revel Rental Agreement, Waiver of Liability, and Release" and the "Terms of Use," which included a requirement to arbitrate disputes.
The arbitration agreement and the terms of use clearly and explicitly state that the parties agree to arbitrate any disputes concerning the use of the moped (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]). There is no requirement that the agreement be signed by the parties as long as there is other proof that the parties reached an agreement (id.), which was present here. In order to lease defendant's moped, plaintiff was first required to open an account and create a membership profile. A sequence of screens led to defendant's clickwrap contract. There, plaintiff was required to affirmatively click a box on the screen acknowledging his awareness and agreement to the terms of service. Only then could he provide his driver's license and credit card information, and view defendant's safety training video, to complete his registration (see Nicosia v Amazon.com, Inc., 834 F3d 220, 233 [2d Cir 2016]; Register.com, Inc. v Verio, Inc., 356 F3d 393, 429-430 n 41 [2d Cir 2004]).
Although plaintiff may have elected not to use the hyperlinks to view the agreement or terms of service, he was on inquiry notice and thus bound by their respective mandatory arbitration provisions upon his completion of the registration process (see Starke v Squaretrade, Inc., 913 F3d 279, 289 [2d Cir 2019]; Meyer v Uber Tech, Inc., 868 F3d 66, 75 [2d Cir 2017]; cf. Castro v Jem Leasing, LLC (214 AD3d 475 [1st Dept 2023] [the defendant failed to establish that its then-current app was a valid clickwrap agreement that put the plaintiff on inquiry notice of contract terms]).
Plaintiff no longer relies on the printer's affidavit since it was submitted in a different action dealing with separate versions of the rental agreement and terms of use. Because plaintiff failed to submit any other evidence in support of his argument that the text of the agreement violated CPLR 4544, plaintiff failed to sustain his burden (see Tsadilas v Providian Natl. Bank, 13 AD3d 190, 192 [1st Dept 2004] ["it is plaintiff's burden to prove that the credit card agreements [*2]violate the type-size requirements of CPLR 4554"]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023