Wu v Uber Tech., Inc. (2023 NY Slip Op 04706)

Wu v Uber Tech., Inc.

2023 NY Slip Op 04706

Decided on September 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 21, 2023

Before: Renwick, P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ.

Index No. 33964/20E Appeal No. 486 Case No. 2022-05749 

[*1]Emily Wu, Plaintiff-Appellant,
v
Uber Technologies, Inc., Defendant-Respondent, Jerry Alvarez et al., Defendants. The Chamber of Commerce of the United States of America and The Business Council of New York State, Inc., Amici Curiae.

Kelner & Kelner, New York (Joshua D. Kelner of counsel), for appellant.
Perkins Coie LLP, New York (Jacob Taber of counsel), Perkins Coie LLP, Washington DC, (Michael R. Huston of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondent.
Mayer Brown LLP, Washington, DC (Andrew J. Pincus of counsel), for Amici Curiae.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered December 21, 2022, which denied plaintiff's motion to stay defendant Uber Technologies, Inc.'s demand for arbitration and to sanction Uber, and granted Uber's motion to compel arbitration, unanimously affirmed, without costs.
The court correctly determined that an agreement to arbitrate existed between plaintiff and Uber (see Brooks v Lang, 216 AD3d 505 [1st Dept 2023]). Uber established, prima facie, the existence of that agreement by submitting evidence showing that plaintiff electronically signed its January 18, 2021 updated terms of use (the terms), which included an arbitration agreement, by clicking a checkbox and button that confirmed that she reviewed and consented to the terms (see id.; see also Mencher v Weiss, 306 NY 1, 4 [1953]; Weissman v Revel Tr., Inc., 217 AD3d 430 [1st Dept 2023]; Kowalchuk v Stroup, 61 AD3d 118, 121 [1st Dept 2009]; State Technology Law §§ 302, 304 [2]). Plaintiff failed to raise a triable issue of fact as to the existence of an agreement to arbitrate. Plaintiff's assertion of fraud in the execution is improperly raised for the first time on appeal.
Although plaintiff disputes whether she had inquiry notice of the terms, she has not affirmatively denied actual notice (see Starke v SquareTrade, Inc., 913 F3d 279, 292 n 9 [2d Cir 2019]; Meyer v Uber Tech., Inc., 868 F3d 66, 76-77 [2d Cir 2017]). Moreover, Uber established inquiry notice, as a matter of law, by submitting the email and in-application popup screen that informed plaintiff that the changes to terms affected arbitration rights and included prominent hyperlinks to the terms in font commonly understood to signify hyperlinks (see Brooks, 216 AD3d 505; Weissman, 217 AD3d at 430-431). Plaintiff's arguments disputing the validity of the terms and raising unconscionability must be decided by the arbitrator, because the terms contain a delegation provision that plaintiff did not specifically challenge (see Rent-A-Center, W., Inc. v Jackson, 561 US 63, 72 [2010]).
Given the foregoing, Supreme Court providently exercised its discretion in declining to sanction Uber and its employees for the sending of mass communications
that were received by plaintiff directly during the pendency of the action.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 21, 2023