Board of Mgrs. of the Club at Turtle Bay v McGown (2024 NY Slip Op 01980)

Board of Mgrs. of the Club at Turtle Bay v McGown

2024 NY Slip Op 01980

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 656713/19 Appeal No. 2016-2017-2018 Case No. 2021-02478 2021-02490 2021-04217 

[*1]Board of Managers of the Club at Turtle Bay, Plaintiff-Respondent,
v
James McGown, et al., Defendants-Appellants. 

Law Offices of Kenneth R. Berman, Forest Hills (Kenneth R. Berman of counsel), for appellants.
Braverman Greenspun, New York (Kelly A. Ringston of counsel), for respondent.

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered August 6, 2021, awarding plaintiff $101,381.29, and bringing up for review (1) an order, same court and Justice, entered April 6, 2021, which granted plaintiff's motion for summary judgment as to liability on the claims in the amended complaint for unpaid common charges and dismissing defendants' affirmative defenses, and (2) a supplemental order, same court and Justice, entered June 11, 2021, which awarded plaintiff a money judgment, unanimously affirmed, with costs. Appeals from the April 6, 2021 and June 11, 2021 orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff, a condominium board of managers, established its prima facie case seeking a money judgment against defendants for unpaid common charges by submitting "evidence of its authority to collect certain assessments of common charges and fees, invoices reflecting the defendants' account, and an affidavit of the president of the plaintiff attesting to the defendants' failure to pay the balance on the account" (Board of Mgrs. of Brightwater Towers Condominium v Cheskiy, 109 AD3d 944, 945 [2d Dept 2013]). Contrary to defendants' contention, the declaration, bylaws, and guaranty are contracts which "are not hearsay and [do] not require a business record foundation" to be offered (Global Montello Group Corp. v Bronx Auto Tire, Inc., 184 AD3d 494, 495 [1st Dept 2020]). Here, the record reflects that the declaration and bylaws were recorded in the City Register's Office and were authenticated by the affidavit of plaintiff's president (id.). Moreover, defendants failed to challenge the substantive authenticity of the declaration and bylaws to raise a question of fact, and defendant James McGown expressly stated in his affidavit in opposition that he signed the guaranty in question on behalf of defendant East River Mortgage Corp. (id.).
In opposition, defendants did not deny that the common charges for the unit had not been paid since October 2018. Further, defendants did not submit evidence showing that the sale of the unit from East River Mortgage to defendant East Texas Entertainers LLC conformed with the requirements under the bylaws necessary to extinguish the liability of East River Mortgage or McGown as guarantor. Specifically, bylaws article V, section 4 provides that a unit owner's liability for the payment of common charges continues until there is a transfer in accordance with bylaws article VII, section 1. That bylaw section requires, among other things, notice to plaintiff of a proposed sale of the unit and an offer to allow plaintiff to exercise its right of first refusal, which defendants failed to do.
Defendants also failed to raise a question of fact as to whether plaintiff subsequently ratified the sale of the unit. Plaintiff's acceptance of payment from East Texas Entertainers, and plaintiff's counsel's 2019 email, sent two years after the sale and nearly a [*2]year after the common charge arrears began to accrue, in which counsel observed that the sale did not comply with the bylaws and sought defendants' compliance, are insufficient to show plaintiff's assent with "full knowledge of the material facts relating to the transaction" as required to prove ratification (Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889 [2d Dept 2018]). Therefore, the motion court properly granted summary judgment as to liability in plaintiff's favor under the April 6, 2021 order and directed the parties to submit evidence in support of their respective calculations of damages.
The affidavits of plaintiff's president and managing agent sufficiently established that the records supporting the unpaid common charges were properly admitted as business records under CPLR 4518(a) (see e.g., Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden, 169 AD3d 569, 570 [1st Dept 2019]). These business records amply support the supplemental order and money judgment. We note that defendants failed to challenge plaintiff's calculations before the motion court.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024