Faith v Revel Tr., Inc. (2024 NY Slip Op 51507(U))

[*1]

Faith v Revel Tr., Inc.

2024 NY Slip Op 51507(U)

Decided on November 7, 2024

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
Supreme Court, Bronx County

Isaac Faith, Plaintiff,

against
Revel Transit, Inc., Defendants.

Index No. 810169/2023E 

Counsel for plaintiff Isaac Faith: Elefterakis, Elefterakis, and Panek
Counsel for defendant Revel Transit Inc.: Haworth Barber & Gerstman, LLC

John A. Howard-Algarin, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion to compel arbitration:
Papers                       
NYSCEF Doc. No(s). 
Notice of Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 9-40 
Notice of Cross-Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 44-47 
Reply Affirmation 48-50 
In this motor vehicle negligence matter, defendant, Revel Transit, Inc. ("Defendant"), seeks to compel plaintiff, Isaac Faith ("Plaintiff"), to participate in binding arbitration with respect to plaintiff's claims against it, and to stay these proceedings pending the outcome of the binding arbitration. Plaintiff opposes defendant's motion and cross-moves to vacate defendant's demand for arbitration and to permanently stay any arbitration of claims made by plaintiff against defendant here. For the reasons stated below, defendant's motion is granted, and plaintiff's cross-motion is denied.
Defendant is in the business of facilitating the reservation, support, and invoicing of short-term electric moped rentals via a mobile web application identified as the Revel Application ("Revel App"). To access defendant's services and mopeds, individuals must first become a Revel member by creating an account, completing a membership profile, and agreeing to defendant's Rental Agreement ("Agreement") and Terms of Use ("TOU") on the Revel App.
Plaintiff's cause of action stems from personal injuries he allegedly sustained on July 13, 2020, when the brakes on a moped he was operating and had reserved through the Revel App [*2]allegedly malfunctioned while on East 88th Street, at or near the premises located at 111 East 88th Street in New York County, New York (NYSCEF Doc No 1).
Defendant argues that plaintiff's claims are subject to binding arbitration because the Agreement and TOU plaintiff signed contain "clear and unambiguous arbitration agreements." Plaintiff opposes the application asserting that its demand to stay arbitration should be considered timely under the exception stated in Matarraso v Continental Casualty Co, 56 NY2d 264 [1982], that defendant has failed to present admissible evidence of an arbitration agreement between it and plaintiff, and that plaintiff did not explicitly and unequivocally agree to arbitrate his claims.
In support of the motion, defendant submits the affidavit of its Chief Technology Officer, Anthony Lee, who avers that "it would have been impossible for [plaintiff] to have created an account with Revel without him first accepting and agreeing to the Revel Terms of Use and Rental Agreement" (NYSCEF Doc No 15). Lee annexed evidence to his affidavit evincing that plaintiff "signed" the Agreement and TOU on April 19, 2020 (id. at Ex. 2), and included "true and correct cop[ies]" of said documents as they existed and would have appeared to plaintiff on April 19, 2020 (id. at Ex. 4 & 5).
In his cross-motion, plaintiff does not dispute that he accepted defendant's Agreement and TOU when he used its services. Rather, he contends that the Terms and Conditions submitted by defendant are inadmissible hearsay, supported by unauthenticated documents that also contain inadmissible hearsay. From this plaintiff argues that defendant has failed to show that either that an agreement to arbitrate existed or that plaintiff agreed to its terms. The Court disagrees.
First, the Terms and Conditions are part of the Agreement at issue and comprise the entirety of the contract between the parties. As such, they are not hearsay (see Board of Managers of Club at Turtle Bay v McGown, 226 AD3d 468, 469[1st Dept 2024]["contracts . . . are not hearsay and do not require a business record foundation"][internal punctuation omitted]; citing, Global Montello Group Corp., v Bronx Auto Tire, Inc., 184 AD3d 494][1st Dept 2020]), and need only be authenticated. Relevant here, defendant's Chief Technology Officer, Anthony Lee, provided the necessary authentication identifying the documents at issue as a "true and correct copy of [the] internal record automatically generated by Revel and kept in the ordinary course of business" when plaintiff created his Revel account (NYSCEF Doc No 15 at ¶ 14). Hence, the Agreement and TOU are admissible.
Next, plaintiff's "unambiguous intention to enter into a binding arbitration agreement" with defendant is evidenced by his acceptance of the Agreement and TOU. Regardless of whether plaintiff scrolled through the entire 31 pages of the contract documents, "he was on inquiry notice and thus bound by their respective mandatory arbitration provisions upon his completion of the registration process (Weissman v Revel Transit, Inc. 217 AD3d 430 [1st Dept 2023]; citing, Starke v SquareTrade, Inc., 913 F3d 279, 289 [2nd Cir 2019]).
Finally, plaintiff relies on Castro v Jem Leasing, LLC, 214 AD3d 475 [1st Dept 2023], a case where the First Department found that Uber had failed to sustain its burden that the parties had an explicit and unequivocal agreement to arbitrate. The facts here are distinguishable from Castro in that the issue there was whether the terms in effect upon plaintiff's registration with the Uber App in 2015 were in effect at the time of plaintiff's 2018 accident (Castro, 214 AD3d at 475-76). There is no such contention here. Given the Court's finding that plaintiff is bound by the mandatory arbitration provisions in defendant's Agreement and TOU, there is no need to [*3]consider plaintiff's argument regarding the timeliness of his demand to stay arbitration and the exception stated in Matarraso v Continental Casualty Co, 56 NY2d 264 [1982].
Accordingly, it is hereby:
ORDERED that defendant's motion to compel plaintiff to participate in binding arbitration is hereby GRANTED; and it is further,
ORDERED that plaintiff's cross-motion to vacate defendant's demand for arbitration and to permanently stay arbitration is hereby DENIED; and it is further, 
ORDERED that defendants shall serve a copy of this Order with Notice of Entry within thirty (30) days of entry of this Order. 
The foregoing constitutes the Decision and Order of the Court.
Dated: November 7, 2024
HON. JOHN A HOWARD-ALGARIN
J.S.C.